# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## 00- 1162 CR-MOORE
CASE NO. _____

21 U.S.C. § 846
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(c)(1)
18 U.S.C. § 924(o)
18 U.S.C. § 1951(a)
18 U.S.C. § 2

MAGISTRATE JUDGE
O'SULLIVAN

UNITED STATES OF AMERICA,

v.

JULIO DAVID ALFONSO,
and
MARCOS ENAMORADOS,
_____ /

# INDICTMENT

The Grand Jury charges that:

## COUNT I

From on or about December 4, 2000, through on or about December 19, 2000, at Miami-

Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### JULIO DAVID ALFONSO
### and
### MARCOS ENAMORADOS,

did knowingly and intentionally combine, conspire, confederate, and agree with each other to

possess with intent to distribute a Schedule II controlled substance, that is, five (5) kilograms or

more of a mixture and substance containing a detectable amount of cocaine, in violation of Title

21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

## COUNT II

On or about December 19, 2000, at Miami-Dade County, in the Southern District of

Florida, and elsewhere, the defendants,

### JULIO DAVID ALFONSO
### and
### MARCOS ENAMORADOS,

did knowingly and intentionally attempt to possess with intent to distribute a Schedule II

controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a

detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii) and

Title 18, United States Code, Section 2.

## COUNT III

From on or about December 4, 2000, through on or about December 19, 2000, at Miami-

Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### JULIO DAVID ALFONSO
### and
### MARCOS ENAMORADOS,

did knowingly and unlawfully combine, conspire, confederate, and agree with each other to

obstruct, delay, and affect commerce and the movement of articles and commodities in

commerce, by robbery, as the terms "commerce" and "robbery" are defined in Title 18, United

States Code, Section 1951(b), by unlawfully taking and obtaining property purportedly belonging

to other persons from the person, presence, and custody of said persons, against their will and by

2

means of actual and threatened force, violence, and fear of injury to their persons; in violation of

Title 18, United States Code, Sections 1951(a).

## COUNT IV

On or about December 19, 2000, at Miami-Dade County, in the Southern District of

Florida, and elsewhere, the defendants,

### JULIO DAVID ALFONSO
### and
### MARCOS ENAMORADOS,

did knowingly and unlawfully attempt to obstruct, delay, and affect commerce and the movement

of articles and commodities in commerce, by robbery, as the terms "commerce" and "robbery"

are defined in Title 18, United States Code, Section 1951(b), in that the defendants attempted

unlawfully to take and obtain property purportedly belonging to other persons from the person,

presence, and custody of said persons, against their will and by means of actual and threatened

force, violence, and fear of injury to their persons; in violation of Title 18, United States Code,

Sections 1951(a) and 2.

## COUNT V

From on or about December 4, 2000, through on or about December 19, 2000, at Miami-

Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### JULIO DAVID ALFONSO
### and
### MARCOS ENAMORADOS,

did knowingly and intentionally combine, conspire, confederate, and agree with each other to use

and carry firearms during and in relation to a drug trafficking crime, and to possess firearms in

furtherance of a drug trafficking crime, which is a felony prosecutable in a court of the United

3

States, that is, violations of Title 21, United States Code, Section 846, as set forth in Counts I and II of this Indictment.

All in violation of Title 18, United States Code, Section 924(o).

### COUNT VI

On or about December 19, 2000, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JULIO DAVID ALFONSO**
**and**
**MARCOS ENAMORADOS,**

did knowingly use and carry firearms during and in relation to a drug trafficking crime, and did knowingly possess firearms in furtherance of a drug trafficking crime, which is a felony prosecutable in a court of the United States, that is, violations of Title 21, United States Code, Section 846, as set forth in Counts I and II of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1) and 2.

### COUNT VII

On or about December 19, 2000, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JULIO DAVID ALFONSO,**

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1).

4

## COUNT VIII

On or about December 19, 2000, at Miami-Dade County, in the Southern District of

Florida, and elsewhere, the defendant,

### MARCOS ENAMORADOS,

having been previously convicted of a crime punishable by imprisonment for a term exceeding

one year, did knowingly possess a firearm and ammunition in and affecting commerce, in

violation of Title 18, United States Code, Section 922(g)(1).

A TRUE BILL

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

KURT STITCHER
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO. 00-1162 CR-MOORE

v.

JULIO DAVID ALFONSO, et al

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

MAGISTRATE JUDGE
O'SULLIVAN

**Court Division:** (Select One)

| | |
|---|---|
| New Defendant(s) | Yes ____  No ____ |
| Number of New Defendants | ____ |
| Total number of counts | ____ |

XXX  Miami ____ Key West ____
____ FTL ____ WPB ____ FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:         (Yes or No) __Yes__
     List language and/or dialect   __Spanish__

4.   This case will take __5__ days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                                    (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | XXX | Petty | ____ |
| II | 6 to 10 days | ____ | Minor | ____ |
| III | 11 to 20 days | ____ | Misdem. | ____ |
| IV | 21 to 60 days | ____ | Felony | XXX |
| V | 61 days and over | ____ | | |

6.   Has this case been previously filed in this District Court? (Yes or No) __No__
If yes:
Judge: _____     Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) __Yes__
If yes:
Magistrate Case No.   __00-M-7059-Brown__
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of __12/19/00__
Defendant(s) in state custody as of _____
Rule 20 from the _____     District of _____

Is this a potential death penalty case? (Yes or No) __No__

7.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _ Yes XX No     If yes, was it pending in the Central Region? __ Yes XX No

8.   Did this case originate in the Narcotics Section, Miami? X Yes ____ No

KURT E. STITCHER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. A5500366

\*Penalty Sheet(s) attached

REV.6/27/00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CR-MOORE**

PENALTY SHEET **00 - 1162**

Defendant's Name: <u>JULIO DAVID ALFONSO</u>

MAGISTRATE JUDGE
O'SULLIVAN

| | |
|---|---|
| Count I: | Conspiracy to possess with intent to distribute cocaine |
| | 21 U.S.C. §846 |
| *Max. Penalty: | Life imprisonment |
| Count II: | Attempt to possess with intent to distribute cocaine |
| | 21 U.S.C. §846 |
| *Max. Penalty: | Life imprisonment |
| Count III: | Conspiracy to commit a Hobbs Act Robbery |
| | 18 U.S.C. §1951 |
| *Max. Penalty: | 20 years imprisonment |
| Count IV: | Attempt to Commit a Hobbs Act Robbery |
| | 18 U.S.C. §1951 |
| *Max. Penalty: | 20 years imprisonment |
| Count V: | Conspiracy to Possess Firearms in Relation to a Drug Trafficking Crime |
| | 18 U.S.C.  924(o) |
| *Max. Penalty: | 20 years imprisonment |
| Count VI: | Possession of Firearms in Relation to a Drug Trafficking Crime |
| | 18 U.S.C. §924(c) |
| *Max. Penalty: | 5 years imprisonment |
| Count VII: | Felon in Possession of a Firearm |
| | 18 U.S.C. §922(g) |
| *Max. Penalty: | 10 years imprisonment |

*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CR-MOORE**

PENALTY SHEET  **00 - 1162**

Defendant's Name: <u>MARCOS ENAMORADOS</u>

MAGISTRATE JUDGE
O'SULLIVAN

| | |
|---|---|
| Count I: | Conspiracy to possess with intent to distribute cocaine |
| | 21 U.S.C. §846 |
| *Max. Penalty: | Life imprisonment |

| | |
|---|---|
| Count II: | Attempt to possess with intent to distribute cocaine |
| | 21 U.S.C. §846 |
| *Max. Penalty: | Life imprisonment |

| | |
|---|---|
| Count III: | Conspiracy to commit a Hobbs Act Robbery |
| | 18 U.S.C. §1951 |
| *Max. Penalty: | 20 years imprisonment |

| | |
|---|---|
| Count IV: | Attempt to Commit a Hobbs Act Robbery |
| | 18 U.S.C. §1951 |
| *Max. Penalty: | 20 years imprisonment |

| | |
|---|---|
| Count V: | Conspiracy to Possess Firearms in Relation to a Drug Trafficking Crime |
| | 18 U.S.C.  924(o) |
| *Max. Penalty: | 20 years imprisonment |

| | |
|---|---|
| Count VI: | Possession of Firearms in Relation to a Drug Trafficking Crime |
| | 18 U.S.C. §924(c) |
| *Max. Penalty: | 5 years imprisonment |

| | |
|---|---|
| Count VIII: | Felon in Possession of a Firearm |
| | 18 U.S.C. §922(g) |
| *Max. Penalty: | 10 years imprisonment |

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

**NIGHT BOX
FILED**

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-7059-BROWN

UNITED STATES OF AMERICA,
Plaintiff,

vs.

MARCOS ENAMORADOS,
Defendant.
_____/

## DEFENDANT'S INVOCATION OF
## RIGHT TO SILENCE AND COUNSEL

The defendant named above does hereby invoke his rights to remain silent and to counsel

with respect to any and all questioning or interrogation, regardless of the subject matter, including,

but not limited to: matters that may bear on or relate to arrest, searches and seizures, bail, pretrial

release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to

sentencing, enhanced punishments, factors applicable under the U.S. Sentencing Guidelines,

restitution, immigration status or consequences resulting from arrest or conviction; appeals or other

post-trial proceedings.

The defendant requests that the U.S. Attorney ensure that this invocation of rights is honored,

by forwarding a copy of it to all law enforcement agents, government officials, or employees

associated with the investigation of any matters relating to the defendant. Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Vincent P. Farina
Assistant Federal Public Defender
Florida Bar No. 0784370
150 West Flagler Street, Suite 1700
Miami, Florida 33130
(305) 530-7000 ext. 141
(305) 536-4559 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this _22_ day of for December, 2000 to the United States Attorney's Office, 99 Northeast 4th Street, Miami, Florida 33132.

Vincent P. Farina

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-7059-STB

UNITED STATES OF AMERICA,

vs.

Julio   Alfonso

_____

FILED by ___ D.C.
MAG. SEC.
DEC 22 2000
CLERK U.S. DIST. CT.
S.D. OF FLA., MIAMI

This cause came before the Court and pursuant to proceedings
held, it is thereupon

**ORDERED AND ADJUDGED** as follows:

Upon request of the parties, and good cause being shown, the
_____ PTD      Hrg _____ is hereby reset to
Dec. 27, 2000 _____ at 10:00 a.m.
before the Duty Magistrate Judge.

**DONE AND ORDERED** at Miami, Florida this ___22nd___ day of
___Dec._____, 2000.

TAPE NO: 00D-131-1600

_____
UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ___00-7059-BROWN___

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                             **ORDER OF DETENTION**

MARCOS ENAMORADOS,

        Defendant.

_____

    Pursuant to the Bail Reform Act, a detention hearing was held this date in accordance with 18 U.S.C. Section 3142(f).  At the conclusion of the evidentiary hearing, the findings of fact and conclusions of law required by the Act were dictated into the record.  It is thereupon

    **ORDERED AND ADJUDGED** as follows:

    1.  The Defendant __above named_____ shall be detained pending trial in this case for the reasons stated on the record by the Court, danger to the community.

    2.  A final Order of Detention memorializing the dictated findings and conclusions shall be entered forthwith.

    **DONE AND ORDERED** in Miami, Florida this __20th_____ day of DECEMBER_____, 20_00__.

TAPE NO.00D-/28-/143

                                                    _____
                             STEPHEN T. BROWN
                             UNITED STATES MAGISTRATE JUDGE

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal

CASE NUMBER _00-7059-BROWN_

CMe

## INTERPRETER REQUIRED IN CASE

FOREIGN LANGUAGE__ SPANISH _____

DEFENDANT(S)_ JULIO ALFONSO _____

_Marcos Enamorados_ _____

_____

_____

**c: COURT INTERPERTER SUPERVISOR**

koia.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _00-7059-Brown_

UNITED STATES OF AMERICA

        Plaintiff,

v.

MARCOS ENAMORADOS
    Defendant.
_____/

**ORDER ON INITIAL APPEARANCE**
Language ___SPANISH___
Tape No. 00D - _128- 1143_
AUSA _William Buzan_   One
Agent __ATF- THOMAS CHITTUNI__
     (305) 716-3025

DOB: 11-22-68
Reg # 66754-004

The above-named defendant having been arrested on __12-19-00__ having appeared before the court for initial appearance on ___12-20-00___ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
  Address:_____
Zip Code: _____.Telephone: _____

2. _AFPD-Vincent Jaruna_ appointed as permanent counsel of record.
  Address: _150 West Flagler Street, Miami, Fl_
Zip Code: _33130_   Telephone: __(305) 530-7000__

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2000.

4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_ _1 - 5_, 2000.

5. The defendant is held in ~~temporary~~ pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _danger To community - Hearing held -_
  A detention hearing, ~~pursuant to 18 U.S.C. Section 3142(f), is set for 10am~~ _held_, 2000.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;

   other: _____
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.



## MARCOS ENAMORADOS

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
_____
_____

This bond was set: At Arrest _____
On Warrant _____
After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and  revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond  itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this 20th day of DECEMBER 2000.

UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _00-7059-BROWN_

UNITED STATES OF AMERICA

                  Plaintiff,

v.

JULIO ALFONSO

            Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**

Language __SPANISH__
Tape No. _00D - 128 - 1143_____
AUSA _William Brizar_____
Agent __ATF- THOMAS CHITTUNI___
           (305) 716-3025

DOB: 12-19-49
Reg # 66753-004

The above-named defendant having been arrested on __12-19-00_____ having appeared before the court for initial appearance on ____12-20-00_____ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
Zip Code:_____ Telephone: _____
2. _CJA Monique Broc___ appointed as permanent counsel of record.
   Address: _1 East Broward Blvd; Suite 700; St. Lauderdale, FL_
Zip Code: _33301_____ Telephone: _(954) 713-2724_
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2000.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am  1-5_____, 2000.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _(a govt request, danger to the community._
_ A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am  12-22_, 2000.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;

    other: _____
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.



JULIO ALFONSO

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
_i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
_____
_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

    If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d
303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled
promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the
   conditions set forth herein or those later ordered by the court, the defendant is subject to arrest
and    revocation of release and to various civil and criminal sanctions for any violation of those
       conditions. These various sanctions and penalties are set forth more fully in the Appearance
Bond    itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond
   has been executed in accordance with this or subsequent court order.

   **DONE AND ORDERED** at <u>Miami, Florida</u>, this <u>20th</u> day of <u>DECEMBE</u>R 2000.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE
                                    STEPHEN T. BROWN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _00 - 7059 - STB_

UNITED STATES OF AMERICA

        Plaintiff,

vs.

**JULIO DAVID ALFONSO, and
MARCOS ENAMORADOS,**

        Defendants

_____/

## CRIMINAL COVER SHEET

1.  Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? _____ Yes __XX___ No

2.  Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ____Yes __XX___ No

        Respectfully submitted,

        GUY A. LEWIS,
        UNITED STATES ATTORNEY


BY: _____
        C.E. "BETH" SREENAN,
        ASSISTANT UNITED STATES ATTORNEY
        Florida Bar Number 384844
        8245 N. W. 53rd Street
        Miami, Florida  33166
        TEL (305) 597-2089
        FAX (305) 597-2020
        charene.sreenan@usdoj.gov

A 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA
        v.

JULIO DAVID ALFONSO, and
MARCOS ENAMORADOS,

**CRIMINAL COMPLAINT**

(Name and Address of Defendant)

CASE No. CO-7C59-STB

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  **Between on or about December 6, 2000, to on or about December 19, 2000, in Dade County in the Southern District of Florida, the defendants did,** knowingly and intentionally conspire to and attempt to possess with intent to distribute a Schedule II controlled substance, that is more than five kilograms of cocaine and during and in relation to this drug trafficking crime, did use and/or carry firearm(s) and possessed firearms after previously being convicted of felonies.

in violation of Title 18 United States Code, Section(s) 2, 922(g), 924(c)(1), 924(o), and Title 21 USC Sections 841(a)(1) and 846

I further state that I am a Special Agent_____ and that this complaint is based on the

following facts:

### SEE ATTACHED AFFIDAVIT

Continued on the attached and made a part hereof:     [x] Yes   [ ] No

_____
Signature of Complainant
THOMAS L. CHITTUM, SPECIAL AGENT
BUREAU OF ALCOHOL TOBACCO, AND FIREARMS

Sworn to before me, and subscribed in my presence,

_____12/20/00_____
Date

at   Miami, Florida_____
     City and State

_____
United States Magistrate Judge
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

AFFIDAVIT

Your affiant, Thomas L. Chittum, III, being duly sworn, deposes and states:

1.     I am a Special Agent with the Bureau of Alcohol, Tobacco & Firearms (hereinafter ATF) and have been so employed since June 1999. Before that, I was employed by the Internal Revenue Service Criminal Investigation Division as a Special Agent for two (2) years and College Student Trainee for approximately 18 months. I am a Cum Laude graduate of Marshall University, with a Bachelor of Arts degree in Criminal Justice, with a concentration on Law Enforcement. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program, the IRS's National Criminal Investigation Training Academy and I am a Distinguished Graduate of the ATF National Academy. I have received training in numerous federal statutes, including the Gun Control Act, the National Firearms Act, the Explosives Control Act, and other criminal violations. I have received both classroom and hands-on training in the identification of firearms, determination of origin, interstate commerce, illegal firearm trafficking. I am currently assigned to a federal ATF/HIDTA task force. As part of my duties, I am responsible for the investigation of violations of Federal laws, including those pertaining to firearms, narcotics, and conspiracy. In the course of my duties as a Special Agent of the ATF, I participated in the investigation and subsequent arrests of the defendants named in this complaint. The facts in this affidavit and complaint are offered only to establish probable cause and are not intended to be a complete recitation of the relevant facts.

2.     Before December 6, 2000, your affiant received information that two individuals, later identified as Julio David ALFONSO, a black male, DOB 12/19/1949, and Marcos ENAMORADOS, a white male, DOB 11/22/1968, were committing armed robberies by posing as police officers. Your affiant was also informed that ALFONSO and ENAMORADOS were interested in committing a

narcotics related armed robbery.

3.     On December 7, 2000, an undercover Miami-Dade Police Detective arranged by telephone to meet the two individuals. During a videotaped meeting, the undercover officer met with ALFONSO and ENAMORADOS at a restaurant on Key Biscayne. The undercover officer posed as a disgruntled drug dealer who wanted to arrange for a robbery of his employer. The undercover officer informed ALFONSO and ENAMORADOS that his former employer had retired from the drug business and left the operation to his son. The undercover officer said he now worked for the son of his former employer and was not happy with how his new boss treated him. He said that his boss owed him a large amount of money but would not pay him. Therefore, the undercover officer explained that he would get even with him by robbing him of one of his shipments of cocaine.

4.     The undercover officer told the defendants that he wanted to hire them to commit the robbery for him. He told them that he would be delivering cocaine to unknown person(s) at an unknown location and wanted them to follow him there. Once he was inside, they were to enter and rob them of the cocaine. The undercover officer told them there would be approximately 37 to 40 kilograms of cocaine, and probably two other individuals present.

5.     ALFONSO and ENAMORADOS were very receptive to the idea and advised that it would only be the two of them doing the job. They told the officer that they had committed robberies like this before and would pose as police officers by wearing shirts and hats with "Police" on them. They also advised that they would be armed. The undercover officer told them that he did not want them to enter the house and start killing everyone. They said they would not do that but insisted that they would have to be armed.

2

6.     ALFONSO told the undercover officer that he had committed robberies like this in Nevada. ALFONSO'S NCIC criminal history confirms that he was sentenced to three (3) years in Nevada State prison for Conspiracy to Commit Robbery. A review of the police report from that incident indicates that it was for a similar home-invasion type robbery. ENAMORADOS' NCIC Criminal History indicates that he was convicted of Battery with a Deadly Weapon, and was sentenced to Nevada State Prison for two years.

7.     On December 14, 2000, the undercover officer again met with ALFONSO and ENAMORADOS, concerning the robbery. The meeting took place at Mi Tierra Restaurant, located at 5721 NW 36 Street, Miami, Florida. An ATF informant, also acting in an undercover capacity, accompanied the officer. The undercover officer told ALFONSO and ENAMORADOS that the confidential informant was his employee. He then asked the informant to wait in the car while he conducted the rest of the meeting.

8.     During the meeting, the officer discussed the planned robbery with the defendants. The defendants still seemed very eager and again confirmed their desire to be involved in the robbery. They told the undercover officer that it would only be the two of them involved. They also told the undercover officer that they would not be able to sell their share of the cocaine that they intended to obtain during the robbery and asked if he could buy the kilos back from them. The undercover officer told them that he would buy their cocaine.

9.     ALFONSO told the officer that he would be wearing camouflage clothing on the day of the robbery and would wear a bandana over his face to hide his mustache. ENAMORADOS opened his trunk and showed the officer the clothing that he would be wearing.

3

10.     The officer told the defendants that he expected the cocaine to be delivered sometime over the weekend, and he expected the pickup to be sometime Monday or Tuesday. The undercover officer told them that either way, he would call them on Monday. The defendants said they would be ready.

11.     On December 18, 2000, at about 4:30 p.m., the undercover officer placed a telephone call to ALFONSO'S cellular telephone. During the course of the conversation, the officer spoke with both defendants and confirmed that the two were still prepared to commit the narcotics robbery. ENAMORADOS told the undercover officer that he would be wearing the jacket he showed him at the previous meeting and would be wearing a black shirt with Police on the front.

12.     The officer told the defendants that he wanted to make sure that they would be able to get a car and guns for the robbery. The targets told the undercover officer that they already had them and not to worry. They said that they were ready to go and were glad that it would happen soon.

13.     On December 19, 2000, at approximately 4:05 p.m., the undercover officer called ALFONSO'S cellular telephone, to tell him that the deal was going to take place today. He explained that he was with his employer right now, but told ALFONSO to meet his employee at the same restaurant, Mi Tierra, where they had met before. He said that the employee would lead them to his office, where he would meet them. The employee is the same ATF informant that the defendants met on December 14, 2000. The officer asked ENAMORADOS and ALFONSO if they were ready. They replied that they were.

14.     At approximately 7:00 p.m. on this same date, ALFONSO and ENAMORADOS arrived at the Mi Tierra restaurant in a gray Chevrolet Lumina. ALFONSO was driving and

4

ENAMORADOS was the passenger. ENAMORADOS got out of the car and made contact with the informant. At this time, the informant told them to follow him to the target location at 8454 NW 61st Street, Miami, Florida. It had previously been discussed between the undercover detective and the defendants that they would go there and wait for him. The undercover officer told them that once he got there they could follow him to the stash house that they were to rob. ENAMORADOS told the informant to drive slowly and not to run any red lights.

15.     Upon arrival at the target location, 8454 NW 61st Street, the informant, ALFONSO and ENAMORADOS entered the warehouse as planned. Once inside the business, the informant asked ALFONSO and ENAMORADOS to have a seat. ENAMORADOS said he had to go to the car and went back outside. At the same time, the undercover officer placed a telephone call to ALFONSO'S cellular phone and advised him of the address of the stash house. At that time, police made their presence known to ENAMORADOS and ALFONSO and placed them under arrest.

16.     When police outside the warehouse announced their presence and attempted to arrest ENAMORADOS, he threw a loaded .357 revolver to the ground before submitting to the arresting officers.

17.     When ALFONSO was arrested, he was wearing a black T-shirt with the word "Police" written in large white letters on the front and back of it. A subsequent search of ALFONSO revealed a roll of silver duct tape in the cargo pocket of his pants.

18.     A search of the gray Chevrolet Lumina revealed a loaded .357 revolver under to the driver's seat and a second black T-shirt with "Police" on the front and back in the rear passenger compartment. There was also a white ski mask in the rear passenger compartment. Inside the conference room of the warehouse, officers found another white ski mask and a day-organizer with

5

the address to the stash house written on it.

19.     After the defendants were arrested, they were placed in the back seat of a police car that was wired with a hidden recording device.   The defendants began conversing between themselves and expressed concern that they had been caught with guns and police shirts. ENAMORADOS said that he threw his gun, but the police recovered it.

21.     Therefore, based on the foregoing, your affiant respectfully submits that the above-named subjects are previously convicted felons and knowingly conspired to and attempted to possess with intent to distribute cocaine and in the course thereof carried or used firearms in violation of Title 18, United States Code Sections 2, 922(g)(1), 924(o) and 924(c)(1) and Title 21, United States Code Sections 841 and 846.


FURTHER, YOUR AFFLANT SAYETH NAUGHT.


THOMAS L. CHITTUM, III
BUREAU OF ALCOHOL, TOBACCO, AND FIREARMS



Subscribed and sworn to before
me this **20** day of December 2000.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

6

Attachment B

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA )  CASE NUMBER: CR _00-7059-BROWN_
          Plaintiff )

-vs- )  REPORT COMMENCING CRIMINAL
         )  ACTION

_EVANGELADOS MARCOS_ )
        Defendant  _66754-004_

**********************************************************

TO: CLERK'S OFFICE   (MIAMI)    FT. LAUDERDALE    W. PALM BEACH
    U.S. DISTRICT COURT         (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
     COURT ABOVE.

**********************************************************

COMPLETE ALL ITEMS.  INFORMATION NOT APPLICABLE ENTER N/A.

(1)   DATE AND TIME OF ARREST: _12-19-00_        a.m./p.m.

(2)   LANGUAGE(S) SPOKEN: _SPANISH_

(3)   OFFENSE(S) CHARGED: _18 USC §2 ; 922(g)(1) ; 924(c)_
_21 USC § 841 ; 846_

(4)   UNITED STATES CITIZEN:  ( )YES   (X)NO   ( )UNKNOWN

(5)   DATE OF BIRTH: _11-22-1968_

(6)   TYPE OF CHARGING DOCUMENT:  (CHECK ONE)
    [ ] INDICTMENT  [X] COMPLAINT   CASE #_____
    [ ] BENCH WARRANT FOR FAILURE TO APPEAR
    [ ] PAROLE VIOLATION WARRANT
    ORIGINATING DISTRICT: _____
    COPY OF WARRANT LEFT WITH BOOKING OFFICER?  [ ]YES  [ ]NO

AMOUNT OF BOND:$_____ WHO SET BOND? _____

(7)   REMARKS: _____

(8)   DATE: _12-19-00_   (9) ARRESTING OFFICER _Thomas L. Chittum III_

(10)  AGENCY _ATF_     (11) PHONE # _305-716-3025_

(12)  COMMENTS _____

# SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NUMBER: CR 00-7059-BROWN |
| Plaintiff | ) | |
| | ) | REPORT COMMENCING CRIMINAL |
| -vs- | ) | ACTION |
| | ) | |
| ALFONSO JULIO | ) | 66753-004 |
| Defendant | | |

**************************************************************

TO: CLERK'S OFFICE     MIAMI     FT. LAUDERDALE     W. PALM BEACH
    U.S. DISTRICT COURT          (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
      COURT ABOVE.

**************************************************************

COMPLETE ALL ITEMS. INFORMATION NOT APPLICABLE ENTER N/A.

(1)   DATE AND TIME OF ARREST: 12-19-00 _____ a.m./p.m.

(2)   LANGUAGE(S) SPOKEN: Spanish _____

(3)   OFFENSE(S) CHARGED: 18 USC § 2; 922(c)(i); 924(c)

_____

(4)   UNITED STATES CITIZEN:   ( )YES   (X)NO   ( )UNKNOWN

(5)   DATE OF BIRTH: 12-19-1949 _____

(6)   TYPE OF CHARGING DOCUMENT:   (CHECK ONE)
      [ ] INDICTMENT     [X] COMPLAINT     CASE #_____
      [ ] BENCH WARRANT FOR FAILURE TO APPEAR
      [ ] PAROLE VIOLATION WARRANT
      ORIGINATING DISTRICT: _____
      COPY OF WARRANT LEFT WITH BOOKING OFFICER?   [ ]YES   [ ]NO

AMOUNT OF BOND:$_____WHO SET BOND? _____

(7)   REMARKS: _____

(8)   DATE: _____   (9) ARRESTING OFFICER _____

(10)  AGENCY _____ (11) PHONE #_____

(12)  COMMENTS _____

_____

DATE: _____12/19/00_____

MAGISTRATE:_____STB_____

AUSA:_____Jackie Becera_____

OFFENSE:_____Conspi.PWID, Gun, Felon in Posses.

DEFENDANT _____Julio David Alfonso_____

CIRCUMSTANCES_____from Las Vegas_____

_____pending drug case_____

_____prior - felony_____

BOND RECOMMENDED:_____PTD_____

BOND SET:_____OK_____

DEFENDANT _____Marcos B. Enamorados_____

CIRCUMSTANCES_____from Vegas_____

_____prior - felony - agg. assault._____

BOND RECOMMENDED:_____PTD_____

BOND SET:_____OK_____

DEFENDANT _____

CIRCUMSTANCES_____

_____

_____

_____

BOND RECOMMENDED:_____

BOND SET:_____

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _00 - 7059 - BROWN_

UNITED STATES OF AMERICA

              Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language ___SPANISH___
Tape No. 00D - _128 - 1143_
AUSA _William Bryan_

v.

Agent _ATF- THOMAS CHITTUNI_
            (305) 716-3025

JULIO ALFONSO
        Defendant.

DOB: 12-19-49
Reg # 66753-004

_____/

The above-named defendant having been arrested on _12-19-00_____having appeared before the court for initial appearance on ____12-20-00_____and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
  Address:_____
Zip Code: _____ Telephone: _____
2. _CJA Monique Brocha_ appointed as permanent counsel of record.
  Address: _1 East Broward Blvd; Suite 700; Ft. Lauderdale, Fl_
Zip Code: _33301_____ Telephone: _(954) 713-2724_____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2000.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_____ _1 - 5_____, 2000.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _@ govt request, danger to the community._____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_ _12-22_, 2000.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____
_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;

    other: _____
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.

