Southern District of Florida

00-1162-CR

J[...] [...]
    Defendant

Case N[...]

[...]
    Plaintiff

{ Defendant [...] }

Comes now defendant [...] and [...] in [...] counsel, hereby files this objection to PSR, recommending that defendant be sentenced to the career offender set out to a state drug conviction.

In support thereof defendant states;

1. The PSR recommended that defendant be sentenced as a career offender and [...] state [...] to wit: trafficking in heroin a lesser included of [...] DKT.C92899 PSR. p.9.10

[...] on a second [...] now if defendant [...] comes within the meaning of a controlled substance offense under its guideline definition. USSG §4B1.1 defendant plead guilty to violating Nevada's drug statute §453.3385 which on its lesser included offense [...] [...] was [...] defendant, to wit: conspiring to sell. PSR p.11 para.38, thus, [...] [...] [...] at [...] [...] [...] [...] because it is the conduct of when the defendant was convicted [...] is at the inquiry. US. v. Hernandez, 145 F.3d 1443 (11th cir. 1998). Defendant pleaded guilty to Nevada's §453.3385 We must than look only to its statutory element of the offense. U.S v. Taylor, 110 S.ct. 2143 (1990)

It is the gov's burden to produce the [...] [...] and [...] [...] [...] a reasonable doubt that defendant's [...] [...] offense was to import, export, distribute, dispens, or possession with intent all the above. Taylor, Supra; Hernandez Supra.

Furthermore case law suggests that this is clear that the offense when the court cannot [determine] does not mean a [...] under the guidance of Taylor. See, US v. Brandon 247 F.3d 186-195-96 (4th cir. 2001)

In short the govt. Must prove at the sentencing hearing defendant's plea record, consisting of, if Nevada's statutory meaning of §453.3385 contains elements that are not clear, to properly determine if defendant's prior offense under state law qualifies for enhance sentence pursuant to the Career offender [...]. Taylor, Supra. Hernandez, Supra, See also, U.S. v Martinez, 232 F.3d 728 (9th cir. 2000)

Thus, defendant Jacobson and demands the govt. be put to its burden of proof at sentencing that defendant's state drug conviction qualifies under the career offender sentence. If not, defendant must be sentenced under the guidelines.

Date: Jun 22 2001

Respectfully Submitted

Julio Aponte

Juan David Afonso
#__753-004
F.D.C. P.O. Box 019120
Miami, FL - 33101

Copies sent to: AUSA KURT [...] probation officer MERCEDES T. SULLIVAN, and defender, Counsel LOUIS CASUSO.

- 2 -