**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-1162-CR-MOORE/O'SULLIVAN

UNITED STATES OF AMERICA

v.

JULIO DAVID ALFONSO

_____/



NIGHT BOX
FILED

JY JUL 11

CLARENCE MADDOX
CL ... USDC/SDFL/MIA

## THE UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR NEW TRIAL

The defendant's *pro se* motion for new trial is improper, untimely, and without any factual or legal basis. As such, the Court should deny it. ***First***, the defendant is not entitled to file *pro se* motions, because he is represented by Court-appointed counsel in this case. The Court may deny the motion on this basis alone.

***Second***, even if the Court were to overlook the impropriety of a *pro se* motion, the motion is untimely under Rule 33 of the Federal Rules of Criminal Procedure. Thus, the Court has no jurisdiction to entertain the motion.

***Third***, even assuming that the Court *could* review the motion, the Court should deny it, because its factual allegations lack any support in the record, and there was no legal error in this Court's handling of questions from the jury during the jury's deliberations.

Consequently, the United States respectfully requests that the Court deny the defendant's motion for new trial.

1



## FACTUAL BACKGROUND

On December 19, 2000, following a weeks-long undercover investigation, federal and state law enforcement agents arrested the defendant and a co-defendant for conspiracy to commit an armed "home invasion" drug ripoff in Miami, Florida. At their initial appearances, both defendants claimed indigency, and the Magistrate Judge appointed counsel for both defendants. On December 29, 2000, a federal grand jury sitting in the Southern District of Florida indicted the defendants on eight counts arising out of their participation in the planned "home invasion."

On April 27, 2001, pursuant to a plea agreement with the United States, co-defendant Enamorados pled guilty to drug conspiracy and weapons charges. Defendant Alfonso, however, proceeded to trial on April 30, where CJA counsel Louis Casuso represented him. After the close of evidence on May 1, the jury began its deliberations.

During deliberations, the jury sent several notes to the Court regarding the defendant's trial defense of "entrapment." Prior to responding to each such note, the Court consulted both with the United States and with defense counsel. In no instance did the Court ever assemble the jury in the courtroom in order to discuss with them the contents of each note or any response thereto. Rather, after consultation with both counsel, the Court simply provided the jury with a written reply to their questions.

At one point during deliberations, defense counsel had to leave Miami in order to attend an oral argument in Tallahassee, Florida. During counsel's absence, the jury sent one of its notes to the Court. Again, before answering the question, the Court arranged a conference call with all counsel and consulted with them about an appropriate response. Both counsel approved every response to

2

every question that the jury posed during deliberations. At no time did the Court ever address the jury *ex parte*, nor did the United States ever have any contact with the jury during its deliberations.

On May 2, 2001, the jury convicted the defendant on all seven charges against him. On May 23, the defendant filed his motion for new trial, in which he alleged, without elaboration, that the Court and the United States had communicated with the jury outside the presence of defense counsel. Because the defendant's motion is without factual or legal merit, the Court should deny it.

## ARGUMENT

To begin with, the defendant's *pro se* motion is improper, because the Court has appointed counsel to represent him at all stages of the prosecution. As such, the defendant can address this Court only through counsel. *E.g., United States v. Gallardo*, 915 F. Supp. 216, 217-18 & n.1 (D. Nevada 1995), *aff'd.*, 92 F.3d 1194 (9th Cir. 1996)

Moreover, the defendant's motion is untimely under Rule 33 of the Federal Rules of Criminal Procedure. Rule 33 – which governs consideration of motions for new trial – provides that any motion for new trial *not* based on "newly discovered evidence" *must* be filed within seven (7) days after the verdict is returned. *See* Fed. R. Crim. P. 33. "The time limits imposed by Rule 33 are jurisdictional." *United States v. Bramlett*, 116 F.3d 1403, 1405 (11th Cir. 1997), citing *United States v. DiBernardo*, 880 F.2d 1216, 1223 (11th Cir. 1989), and *United States v. Hall*, 854 F.2d 1269, 1272 (11th Cir. 1988). In other words, district courts lack jurisdiction to consider motions for new trial unless the motion is filed within seven days of the verdict. *Bramlett*, 116 F.3d at 1405; *DiBernardo*, 880 F.2d at 1223. They also lack jurisdiction to expand the seven-day time period for filing such motions unless they do so within these first seven days. *Bramlett*, 116 F.3d at 1406; *Hall*, 854 F.2d at 1271-72.

3

In this case, the jury returned its verdict on May 2, 2001, and the defendant did not file his motion for new trial until May 23, 2001, some *twenty-one* (21) days later. The defendant did not request – and the Court did not order – any expansion of this time period. Therefore, the Court is without jurisdiction to entertain the defendant's motion for new trial.

Even assuming that the Court *could* review the motion, the defendant has provided no factual basis to support his claims. Indeed, the facts – as set forth above and as this Court well knows – do not support the defendant's contentions, as there was no communication with the jury without the knowledge, consent, and approval of defense counsel.

Finally, even accepting the fact that the defendant *himself* was not privy to every conference regarding an appropriate response to the jury's inquiries, there is no basis for granting a new trial, because the defendant is not entitled to be present for proceedings that involve only a "conference or hearing upon a question of law," Fed. R. Crim. P. 43(c)(3), as was the case with the discussions about the jury's "entrapment" queries. *See United States v. Kupau*, 781 F.2d 740, 743 (9th Cir.). *cert. denied*, 479 U.S. 823 (1986). And even if the defendant *were* entitled to be present when the Court consulted all counsel regarding legally proper responses, any error would be harmless, because (a) defense counsel approved every communication; and (b) there has been no allegation that any response to the jury was substantively or legally incorrect. *See, e.g., United States v. Cuchet*, 197 F.3d 1318, 1320-21 (11th Cir. 1999) (finding any Rule 43 violation to be harmless where defense counsel had ample opportunity to participate in sidebar questioning of a jury venire); *United States v. Bascaro*, 742 F.2d 1335, 1355 (11th Cir.) (stating that "'when the judge's answer to the jury's inquiry was distinctly responsive to the question, it clearly stated the law, and no prejudice is shown,

4

the error is harmless'" (quoting *United States v. Breedlove*, 576 F.2d 57, 60 (5th Cir.1978))), *cert. denied*, 472 U.S. 1017 (1985).

### CONCLUSION

In sum, the defendant's *pro se* motion is improper, the Court is without jurisdiction to consider it, and there is no factual or legal basis for the defendant's demand for a new trial. Consequently, the United States respectfully requests that the Court deny the motion.

                       Respectfully submitted,

                       GUY A. LEWIS
                       UNITED STATES ATTORNEY

By: _____
                       KURT STITCHER
                       Assistant United States Attorney
                       District Court No. A5500366
                       8245 N.W. 53rd Street, Suite 101
                       Miami, Florida 33166
                       Tel: (305) 597-2084
                       Fax: (305) 597-2020

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 11th day of July, 2001, to the following counsel of record:

            Louis Casuso, Esq.
            111 N.E. 1st Street, Suite 907
            Miami, Florida 33132-2517

                       _____
                       Kurt Stitcher
                       Assistant United States Attorney