# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

May 21, 2002

Clarence Maddox
Clerk, U.S. District Court
301 N. Miami Avenue
Miami FL 33128

RE: 01-14430-GG    USA v. Julio David Alfonso
DC DKT NO.: 00-01162 CR-KMM



The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
Original Exhibits, consisting of: one psi (PSI) / Vol of pkds ) 3 Vol of TRANS
Original record on appeal or review, consisting of: four volumes

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals
For the Eleventh Circuit

No. 01-14430

District Court Docket No.
00-01162-CR-KMM



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Apr 18, 2002

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

JULIO DAVID ALFONSO,

    Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



Entered:    April 18, 2002
For the Court:    Thomas K. Kahn, Clerk
By:    Meoli, Anthony

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

APR 1 8 2002

THOMAS K. KAHN
CLERK

No. 01-14430
Non-Argument Calendar

D.C. Docket No. 00-01162-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO DAVID ALFONSO,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(April 18, 2002)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Julio David Alfonso appeals his total sentence of life plus five years, which was imposed after he was convicted by a jury of various drug and firearms offenses.

He contends that he should not have been sentenced as a career offender under U.S.S.G. § 4 B1.1.

The sole issue Alfonso raises regarding his treatment as a career offender involves his prior Nevada conviction. The district court's treatment of that conviction as one for a controlled substance offense was necessary to its finding that Alfonso had two prior felony convictions for either a crime of violence or a controlled substance offense, as required by § 4B1.1(3). Afonso argues that the district court erred, because that conviction was for "simple possession" and, therefore, did not qualify as a controlled substance offense under federal law. He is right about a conviction for simple possession of narcotics not being a "controlled substance offense" under the applicable definition, but he is wrong about the nature of the offense for which he was convicted in Nevada.

Under § 4B1.2(b), a controlled substance offense is "an offense under a federal or state law . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance. . .with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). In determining whether a prior offense is a controlled substance offense, we look to the conduct for which the defendant was convicted, rather than the conduct for which he was arrested. <u>United States v. Hernandez</u>, 145 F.3d 1433,

2

1440 (11th Cir. 1998). The government has the burden of establishing that a sentence enhancement is warranted. Id.

In Hernandez, the language of the prior Florida state conviction tracked the Florida statute and did not specify whether it was for purchase or sale of controlled substances, both of which were prohibited by the same Florida statute. Id. The district court looked at the affidavits relating to Hernandez' arrest and found that he had been arrested for sale. Id. Because purchase of a controlled substance did not qualify as a controlled substance offense under § 4B1.1, and it was not clear whether Hernandez' conviction was for purchase or sale, he argued that the district court had erred in resolving the ambiguity in favor of the enhancement. Id. We held that it is not the conduct for which a defendant was arrested that is determinative, but whether the conviction was for a "controlled substance offense." Id. Because it was unclear exactly what Hernandez had pled to and been convicted of, we held that the career offender enhancement was improper in that case. Id.

Here, the prior conviction in question resulted from Alfonso being charged with trafficking in a controlled substance, in violation of Nevada Revised Statute § 453.3385. Specifically, he was charged with selling heroin. Section 453.3385, which defines trafficking in controlled substance offenses, provides that it is unlawful to knowingly or intentionally sell, manufacture, deliver, or actually or

constructively possess a controlled substance. N.R.S. § 453.3385. Because of that, Alfonso argues that <u>Hernandez</u> mandates that the career offender enhancement not be applied in this case because he pled guilty to and was convicted under a statute that includes mere possession, and mere possession does not qualify as a predicate offense for the career offender enhancement.

While Alfonso may have admitted to possession during the plea colloquy in Nevada, what he pled guilty to was drug trafficking, and in the present case he stipulated at trial that he had been convicted of a drug trafficking offense in Nevada. He also admitted during his trial testimony that he had been convicted of drug trafficking in the Nevada case. Unlike the situation in <u>Hernandez</u>, the judgment of conviction in Alfonso's previous case clearly shows that he was convicted on a charged of selling heroin.

**AFFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: [signature]
Deputy Clerk
Atlanta, Georgia

4