AO 243 (Rev. 5/85)

**MOTION UNDER    USC § 2255 TO VACATE, SET ASIDE, CORRECT**
**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

# United States District Court

| | |
|---|---|
| | SOUTHERN DISTRICT OF FLORIDA |
| Name of Movant<br>JULIO DAVID ALFONSO | Prisoner No.<br>66753-004 | Case No.<br>00-1162-CR-MOORE |
| Place of Confinement<br>FCC-USP COLEMAN,COLEMAN,FLORIDA P.O.BOX 1033 33521-1033 | | |

UNITED STATES OF AMERICA     V.     JULIO DAVID ALFONSO
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __UNITED STATES DISTICT COURT SOUTHERN DISTRICT OF FLORIDA__

2. Date of judgment of conviction __AUGUST 2, 2001__

3. Length of sentence __LIFE__

4. Nature of offense involved (all counts) __CT-1,violation of 21 USC 846&841/Ct-2 violation of 21 USC §846 &841/violation of 18 USC §1951(a)/CT-3) CT-4 violation of 18 USC 1951(a)&2/CT-5,18 USC 924(o)/and CT-6 18 USC 924(C).__

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

9. If you did appeal, answer the following:

   (a) Name of court ELEVENTH CIRCUIT COURT OF APPEALS

   (b) Result AFFIRMED

   (c) Date of result APRIL 18, 2002

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☑

11. If your answer to 10 was "yes," give the following information:

   (a)(1) Name of court _____ N/A

     (2) Nature of proceeding _____ N/A

     (3) Grounds raised _____ N/A

     (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☑ N/A

     (5) Result _____ N/A

     (6) Date of result _____ N/A

   (b) As to any second petition, application or motion give the same information:

     (1) Name of court _____ N/A

     (2) Nature of proceeding _____ N/A

     (3) Grounds raised _____ N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒☒☒X

(5) Result_____ N/A

(6) Date of result _____ N/A

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☐ No ☐     N/A
(2) Second petition, etc.    Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Fundamental/Structural Error in reference to Apprendi v. New Jersey, rendering petitoner's conviction and sentence invalid.

Supporting FACTS (state *briefly* without citing cases or law)

(See Brief and memorandum of law)

B. Ground two: Court's lack of jurisdiction to charge, prosecute, convict and sentence petitioner.

Supporting FACTS (state *briefly* without citing cases or law):

(See Brief and memorandum of law)

C. Ground three: Federal Court's Lack of Jurisdictional requirements, violation of the government's petite policy and no proof of executive officer authorization.

Supporting FACTS (state *briefly* without citing cases or law):

(See Brief and memorandum of law)

D. Ground four:   Actually innocent of violating Title 18 U.S.C. §
924(c).

Supporting FACTS (state *briefly* without citing cases or law): _____

(See Brief and memorandum of law)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

The present claims have been raised because counsel has failed to preserve the issues in the district court at anytime, and counsel failed to raise the issues on direct appeal.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No X X X

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing ___ Louis Casuso _____
111 N.E. First STreet, Suite 607, Miami, Florida 33132

(b) At arraignment and plea ___ Same as above _____

(c) At trial _____ Same as above

(d) At sentencing _____ Same as above

(e) On appeal  __SAME AS ABOVE_____

_____

(f) In any post-conviction proceeding  ___N/A_____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____LIFE_____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on
_April 7, 2003_
(date)

_Julio Alfonso_
Signature of Movant

(7)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JULIO DAVID ALFONSO,                          :
                                              :
            Petitioner,                       :
                                              :   CRIMINAL ACTION NO: 00-1162-CR- Moore
vs.                                           :
                                              :   CIVIL ACTION NO:_____
UNITED STATES OF AMERICA,                     :
                                              :
            Respondent.                       :
_____          :


MEMORANDUM OF LAW IN SUPPORT OF
PETITIONER MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255

   **COMES NOW** the petitioner, Julio David Alfonso, in propria

persona in the above styled cause, and presents this Honorable

Court with the following memorandum of law in support of petitioner

motion to vacate, set aside, or correct sentence.

   This Court in reviewing each claim should address the

merits of each claim, regardless of the legal theories, poor

syntax, sentencing construction, or litigant's unfamiliarity

with pleading requirements. Overall, an evidentiary hearing

should be held in the event any fact is in dispute with the

petitioner's claim. See title 28 U.S.C. §2246.

   Therefore, the petitioner submits the following brief

in support of his §2255 application seeking to vacate, set aside

and correct his sentence.

1

## FUNDAMENTAL AND/ OR STRUCTURAL ERROR IN REFERENCE TO APPRENDI V. NEW JERSEY, RENDERING THE PETITIONER'S CONVICTION AND SENTENCE INVALID

The petitioner brings to the court's attention that fundamental and/or structural error has occurred in reference to his conviction and sentence pursuant to **Apprendi v. New Jersey**, 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The petitioner's conviction and sentence has been rendered void.

It is now clearly, established, and undisputable law that drug type and quantity are now elements of drug offense pursaunt to Title 21 U.S.C. §§ 841,846, and all relevant drug statutes as settled in **Apprendi**. Consistant with drug type and quantity being elements of a federal drug offense, the drug type and quantity must be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt. See **U.S. v. Rogers**, 228 F.3d 1318 (11th Cir. 2000). The Eleventh Circuit has conceded to the fact that **Apprendi** errors affects substantial rights. See **U.S. v. Swatzie**, 228 F.3d 1278,1284 (11th Cir. 2000).

The petitioner brings to the court's attention that it was well settled law prior to **Apprendi** that the government had to prove that a defendant had a detectable amount of a controlled substance in order to obtain a federal drug conviction pursuant to Title 21 U.S.C. §§ 841,846, and all relevant drug statutes. See **Chapman v. U.S.**, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991).

2

Additionally, the United States sentencing guidelines provide that, unless otherwise specified, the weight of a controlled substance, as set forth in the drug quantity table; refers to the entire weight of any mixture of substance containing a detectable amount of the controlled substance. See **U.S.S.G. 2D1.1(c), (N\*)**(drug quantity table). The Supreme Court held that "so long as [the mixture] contains a detectable amount [of a controlled substance], the entire mixture or substance is to be weighed when calculating the sentence." **Id. at 459, 111 S.Ct. at 1924.**

In early December, 2000, a Miami-Dade Police Department confidential source told officers that two individuals later identified as defendant's Alfonso and Enamorados were committing armed robberies while posing as police officers and were interested in committing a drug-related armed robbery. Miami-Dade officers directed the source to introduce the defendants to an undercover officer, who would pose as a disgruntled drug dealer interested in arranging such a drug "ripoff" in order to obtain money that his "boss" allegedly owed him.

Between December 7, and December 19, 2000, the undercover officer spoke with both defendants several times on the telephone and met with both defendants twice in person. All of these calls and meetings were recorded. At the first meeting, the undercover officer conveyed the story that his "boss" the son of his original employer owed him money from a drug deal and had refused to pay. The undercover officer told the defendants

3

that the son expected to receive a shipment of 37-40 kilograms of cocaine at the Port of Miami in the near future and that the undercover's job was to retrive the cocaine and take it to a stash house for safekeeping prior to distribution. The undercover officer then told the defendants that **he wanted them to steal the cocaine from the occupied stash house,** and that the three of them could share the proceeds from the sale of the cocaine.

On December 19, 2000, the undercover officer called the defendants to tell them the cocaine had arrived and ask whether the defendants were completely ready to committh the armed home invasion. The defendants assured the undercover officer that they were ready. The undercover officer then directed the defendants to follow one of the undercover's officer's **a confidential source whom the defendants had previously met** to a warehouse office, at which time the undercover officer would call the defendants with an address for the stash house.

Likewise, the pre-sentence report and the governments argument at sentencing only offered conclusory allegations that there existed a detectable amount of cocaine involved in this case. Considering the fact that drug type and quantity are now elements of all federal drug offenses, and the fact that drug type and quantity determine a defendant's minimum and maximum sentence, the District Court is now under a duty to instruct the jury of those elements during the jury instructions, in order for the jury to determine guilt. As the sentencing guidelines have

4

clearly defined to mean only a drug substance that contains
a detectable amount of a controlled substance, in this case,
cocaine can determine a defendant's sentence, it was erroneous
for the petitioner to be convicted and sentenced for five or
more kilograms, when the quantity of drugs was never proved and
never existed. See **U.S. v. Jackson**, **115 F.3d 843 (11th Cir.
1997)**. In **Jackson**, the Eleventh Circuit set out clearly how
there must be a detectable amount of cocaine for sentecning
purposes prior to **Apprendi**. **Id.**

Although, **Jackson**, does not squarely address the matters
of drug type and quantity being elements, it does involve a
defendant being sentenced erroneously when there did not exist
the detectable amount of cocaine for sentencing purposes. Now
that **Apprendi** has been established, the petitioner's conviction
and sentence is unconstitutional, and must be vacated. From
the onset of the present case, its clear that the government
conceded that there existed no drugs (cocaine) in reference to
the drug charges charged in this case. In fact, the alleged
robbery and the alleged cocaine to be stolen were fiction. Now,
applying **Apprendi** to the present case, as the petitioner was
entitled to its application from the onset of the case. Drug
type and quantity had to be charged in the indictment, presented
to the jury, and proved beyond a reasonable doubt. **Id. Apprendi**,
**supra.**

Reveiwing the jury instructions of the present case, the
District Court did not inform or instruct the jury that drug

type and quantity were elements of the drug offenses charged
in the indictment. Additionally, the jury did not make a deter-
mination of guilt on the required elements of drug type and
quantity. **Id.** Jury instructions and jury's guilty verdict. The
court's actions deprived the petitioner of his substantial due
process right of being found guilty by the jury based on all the
required elements of an offense. See **Jackson v. Virginia**, 443
**U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1970).**

The petitioner's attorney failed to object to the
**Apprendi** error  at anytime in the present case, yet, funda-
mental and structural error has been committed, as the petitioner
has suffered the loss of a constitutional protection in reference
to guilt being determined pursuant to the federal due process
clause. Relief is due without the application of plain or harm-
less error. The record in this case clearly supports the facts
stated by the petitioner, and his conviction and sentence must
be vacated.

The petitioner brings to this Court's attention that
structural error has long since existed, yet, this Court and
other courts have erroneously and consistantly applied plain
and harmless error in reference to **Apprendi** errors. See
**Arizona v. Fulminante**, 499 U.S. 279,307-08, 111 S.Ct. 1246,1264,
**113 L.Ed.2d 302 (1991)** and **U.S. v. Swatzie, supra.** As settled
by the Supreme Court, without certain basic or structural pro-
tections, a criminal trial or proceedings cannot reliably serve
its function as a vehicle for determining guilt or innocence,
and no criminal punishmnet may be regarded as fundamentally

fair. See **Rose v. Clark, 478 U.S. 570,577-78, 106 S.Ct. 3101, 3105-06, 92 L.Ed.2d 460 (1986).** Due to structural error, whether a defendant objects or fails to object to such error is simply irrelevant. **Id.**

The Supreme Court has recently shed light on the manner in which to analyze structural error. See **California v. Roy, 519 U.S. 2, 136 L.Ed.2d 266, 117 S.Ct. 266 (1996).** In **Roy,** the Supreme Court noted:

"the specific error at issue here an error in the instruction that defined the crime is as easily characterized as a mis-description of an element of the crime, as it is characterized as an error of omission." **Id. 117 S.Ct. at 339.** Unlike the defendants in **Roy,** the petitioner makes the contention that the error at issue here, is of the structural sort that defies analysis by the harmless error standard. The jury has been misinformed in reference to the elements of the drug charges the petitioner has been convicted of, specifically, after the law established in **Apprendi,** rendering drug type and quantity elements of a drug offense pursuant to Title 21 U.S.C. §§ 841,846, and all relevant drug statutes has been settled.

Certainly, there has been violation of the federal due process clause, and structural error has occurred, where the jury was not instructed that it had to determine drug type and quantity as an element of the offense charged. Also, because the government failed to prove that any drugs existed beyond a reasonable doubt, the petitioner's conviction must be vacated.

7

## DISTRICT COURT'S LACK OF JURISDICTION TO PROSECUTE, CONVICT, AND SENTENCE PETITIONER.

The petitioner contends that the District Court has prosecuted, convicted, and sentenced him in a Federal Court, in clear absence of abb jurisdiction. This clearly lacked exclusive, legislative, territorial, and subject matter jurisdiction to prosecute, and convict, and sentence the petitioner.

The petitioner brings to the Court's attention that the law has long since been established that the Court may challenge sua sponte subject matter jurisdiction. See **Louisville v. Nashville P. Co. v. Mottley**, 211 U.S. 149, 29 S.Ct. 42, 53, _____ L.Ed. 126 (1908). Additionally, the law is established that the Court is under a duty to review whether it has jurisdiction whenever the question arises. See **Philbrook v. Glodgett**, 421 U.S. 707, 44 L.Ed. 525, 95 S.Ct. 1893 (1975). Overall, its well established law that a federal judge can face civil action when it acts in clear absence of all jurisdiction. See **Stump v. Sparkman**, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

The instant case involves a so called reverse sting where a Metro Dade Police Officer, a agent from the Bureau of Alcohol, tobacco and firearms and C.I., working inconjunction with each other, fabricated a robbery of a shipment of ____ kilograms of cocaine with the petitioner and his codefendants.

At no time did the alleged robbery of the cocaine effect interstate commerce, nor did it occurr on land or grounds

8

where the federal government exercised exclusive jurisdiction. The alleged robbery occurred within the City of Miami, where the State of Florida exercises exclusive and legislative jurisdiction. Of overall importance, the federal government has yet to establish jurisdiction to arrest, prosecute, and convict the petitioner, nor has the federal government presented any evidence of jurisdiction to do the same. Its clear that the federal government does not have exclusive, legislative, concurrent, territorial, nor subject matter jurisdiction in this case.

### THE FEDERAL COURT'S LACK OF JURISDICTION TO CHARGE, PROSECUTE, CONVICT AND SENTENCE THE PETITIONER.

The petitioner contends that he has been charged, prosecuted and convicted in federal court, and the federal court clearly lacked subject matter, territorial and legislative jurisdiction to charge, prosecute and convict the petitioner.

The Supreme Court has long since settled the law that under our federal system, "the states possess primary authority for defining and enforcing the criminal law." See, **Brecht v. Abrahamson**, 507 U.S. 619, 635, 113 S.Ct. 1710,1720, 123 L.Ed.2d 353 (1993); and **Engle v. Isaac**, 456 U.S. 107,128, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982). The following authority has clarified that "national government is one of the delegated powers alone. Under our federal system, the administration of criminal justice rests with the states except as Congress, acting within the scope of those delegated

9

powers, has created agianst the United States." The Tenth
Amendment confirms that the power of the federal government is
subject to limits that may, in a given instance, reserve power
to the states. Further support for this legal precedent, which
has never been repealed is found in **New York v. United States,**
**505 U.S. 144, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992).**

The Supreme Court clarified that "the Constitution does
not protect the sovereignty of states for the benefit of the
public officials governing the statutes. To the contrary,
the Constitution divides authorities between federal and state
government for the protection of individuals." **Id. New York
v. United States**, supra. The Supreme Court concluded that a
"healthy balance of power between the states and federal
government will reduce risk of tyranny and abuse." [Emphasis
added] **Id. New York v. United States, 120 L.Ed.2d at 154.**
The Supreme Court in a recent decision, addressed the issues
of exclusive legislative jurisdiction of Congress, the powers
of the federal government, and the subsequent matter of
Federal District Courts. See, **United States v. Lopez, 514
U.S. 549, 131 L.Ed.2d 626, 115 S.Ct. 1624 (1993).** In con-
clusion, Justice Thomas stated in **Lopez:**

> "If anything, the wrong turn was the court's
> dramatic departure in the 1930's from a
> century and half precedent." **Id. Lopez, 115
> S.Ct. 1624.**

Justice Thomas summed up his opinion dramatically with the
statement:

> "If we were to be true to a constitution that

10

does not cede a police power to the federal
government ... [Emphasis added].

The following facts in **Lopez**, clarified the federal
government's limited jurisdiction in dealing with matters that
do not  have substantial effect on Congress.

The following facts in **Lopez**, clarified the federal
government's limited jurisdiction in dealing with matters that
do not have a substantial effect on Congress.

Supreme Court has only recently made a determination
on what affect activity must have in order to be within
Congress 'power to regulate interstate commerce. See, **United
States v. Lopez**, supra. The Supreme Court settled the law
that activity must have a substantial affect on commerce in
order to be within Congress' power to regulate it under the
commerce clause. **Id. Lopez, 115 S.Ct.** at **1630.** The Supreme
Court's decision in **Lopez** invalidates all recent precedent
holding that the government need only show a de minimus
effect on commerce to support a federal conviction where
interstate commerce is a required element. The government
is now under a duty to show a substantial effect on commerce
to support the conviction in this case.

Here the petitioner does not contest the constitutionality
of Title 18 U.S.C. §924(C) and Title 21 U.S.C. § 846. The
petitioner contends that the federal court lacked jurisdiction
to prosecute, convict and sentence him for several reasons.
First, the charging indictment in this case failed to state

11

any allegations of jurisdictional facts in the indictment, other than the boiler plate recitation that the drugs and handguns had been transported, shipped or received in interstate commerce, which is insufficient to satisfy the federal juris-dictional requirement.

The absence of jurisdictional facts, along with the absence of clear finding in the statute or legislative history of Title 18 U.S.C. § 924(C) and Title 21 U.S.C. § 846 that the local crimes sought to be regulated have a substantial im-pact on interstate commerce, different from murder, robbery, rape burglary, theft or any other interstate crime, renders the indictment fatally defective. No where in the charging in-dictment in this case, does it state that the local robbery or drug charge had substantial affect on interstate commerce as now required in **Lopez**.

The petitioner's claim addresses the law in reference to **Lopez** which requires a substantial affect on interstate commerce in order for the federal government to prosecute. There exist no such affect on interstate commerce here, which warrants the petitioner's conviction to be vacated.

### FEDERAL COURT'S LACK OF JURISDICTIONAL REQUIREMENTS VIOLATION OF THE GOVERNMENT'S PETITE POLICY AND NO PROOF OF EXECUTE OFFICER AUTHORIZATION.

The Supreme Court has often determined that statutes and regulations violates due process rights if they are so vague as to give police or government officials to much discretion in enforcement. See, **Kolender v. Lawson**, 461 U.S. 352, 103 S.

12

Ct. 1855, 75 L.Ed. 2d 903 (1983); **Smith v. Goguen**, 415 U.S.
566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974); and **Marcus v.
Search Warrant of Property**, 367 U.S. 717, 81 S.Ct. 1708, 6
L.Ed.2d 1127 (1961).

It appears such a violation has occurred here, as there
is not evidence of who appointed the petitioner's case to the
federal government, nor was there authorization from a execu-
tive officer of the Department of Justice, authorizing
federal prosecution of the petitioner.

The Supreme Court has long since explained that the
exception of the federal laws under our constitution is con-
fided primarily to the executive branch of government, subject
to applicable constitutional and statutory limitations and to
judicially fashion rules to enforce those limitations. See,
**U.S. v. Russell**, 411 U.S. 423,435, 93 S.Ct. 1637,1644, 36
L.Ed.2d 366 (1973). No executive branch official has played
a role in the federal investigation of the petitioner, nor has
any executive branch official authorized the petitioner to be
federally prosecuted.

The Supreme Court confirmed that when challenged, juris-
diction must be demonstrated, shown and proven to lawfully
exist before a cause may lawfully proceed on the merits. See,
**Thompson v. U.S.**, 444 U.S. 248, 62 L.Ed.2d 457, 100 S.Ct. 512
(1980). **Thompson** clarifies that a Department of Justice offi-
cial has to authorize federal prosectuion of a defendant after
a state prosecution of the same offense. **Id**. Although, the

13

present case was not prosecuted by the State of Florida, the case originated in the State of Florida Court's jurisdiction, and there has been no executive branch officer from the Department of Justice, or any other branch of the federal government, to authorize the federal prosecution of the petitioner. The government must establish jurisdiction to prosecute the petitioner in compliance with the law of the United States.

Title 18 U.S.C. § 7 specifies that the territorial jurisdiction of the United States extends only outside of the boundaries of lands belonging to any of the fifty states. Title 40 U.S.C. § 255 specifies the legal conditions that must be fulfilled for the United States government to have exclusive or shared jurisdiction within the area of land belonging to the States of the Union. The government has failed to comply to either statute as stated above, and therefore, has failed to prove that it had jurisdiction to charge, prosecute, convict and sentence the petitioner in the present case. See, **Adams v. U.S.**, **319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943)**.

The petitioner demands that this Court establish the required jurisdiction to prosecute him pursuant to the petite policy and the petitioner demands this court to establish the required exclusive jurisdiction that has been merely assumed in this matter consisting of:

1. Documentation showing authorization from the Department of Justice, authorizing the federal prosecution of the petitioner pursuant to the petite policy.

14

2. Documentation showing ownership of each and every geo-graphical location mentined in the indictment wherein alleged criminal activity took place. Including authorization from an executive branch official, authorizing federal prosecution of the petitioner.

3. Documentation from legislation of State of Florida surrendering jurisdiction to the federal government over the same geographical location as in number one.

4. Documentation pursuant to Title 40 U.S.C. §255, wherein the United States accepted jurisdiction to the same geographical location as specified in number one, or documen-tation showing concurrent jurisdiction, with the State of Florida over the geographical location in number 2, or absent the pro-duction of such required documentation showing lawful federal jurisdiction over this geographical location, or dismiss this action entirely.

Given the fact that the prosecution failed to prove sub-ject matter, legislative, or territorial jurisdiction, the petitioner is entitled to relief.

This Court should vacate any and all judgements against the petitioner for the United States lack of jurisdiction to arrest, prosecute, or incarcerate the petitioner, and the United States failure to prove jurisdiction to prosecute the petitioner from the onset.

## INEFFECTIVE ASSISTANCE OF COUNSEL
## ACTUAL INNOCENT OF VIOLATING TITLE 18 U.S.C. § 924(c)

The petitioner contends that he has suffered a sixth
Amendment right violation of ineffective assistance of counsel,
for his attorney allowing him to be convicted of an offense pur-
suant to Title 18 U.S.C. § 924(c), when is actually innocent of
the charged offense.

Its settled law that in order to find a defendant guilty
of a charge pursuant to Title 18 U.S.C. § 924(c), the government
must prove: (1) that the defendant knowingly used or carried a
firearm, and (2) the use or carrying of the firearm occurred dur-
ing and in relation to a crime of violence or drug trafficking
crime. See **U.S. v. Mount**, 161 F.3d 675 (11th Cir. 1998).  Only
recently, the Supreme Court has ruled that there must be some
form of use, carrying, brandishing, etc... of the firearm during
the commission of the crime of violence or the drug trafficking
crime.  See **Bailey v. U.S.**, 516 U.S. 137, 133 L.Ed.2d 472, 116
S.Ct. 501 (1995).  In the instant case, the government has failed
to prove that the petitioner was involved in a crime of violence,
or substance offense particularly, robbery and distribution of
drugs.

Additionally, the government has not proved that the
petitioner carried a firearm during a crime of violence or drug
trafficking crime as required by the law.  See **Muscarello v. U.S,**
524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998).  As set out
in the petitioner's previous claims, the robbery and drugs alle-
ged in this case were ficticious.  There is simply no evidence
in the record that a robbery or a drug offense was going to occur,

16

nor could the petitioner have been convicted for using and/or carrying a firearm during and in relation to a drug trafficking offense.  As pointed out by the petitioner previously, the alleged robbery of drugs and any anticipated conspiracy was fiction from the onset of this case.  Given this fact, no firearm could have been used or carried in the present case. as there existed not predicate offense.  The actual innocence of **Murray v. Carrier, 477 U.S. 478, 91 L.Ed.2d 397, 106 S.Ct. 2639 (1986)**, is applicable to the present case, and the petitioner's § 924(c) conviction must be vacated.

For the following reasons stated, the petitioner's § 924(c) conviction must be vacated, and the case ordered back to the district court for further proceedings in compliance with the present claim.

17

## INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends that he has been deprived of the effective assitance of counsel as guaranteed by the Sixth Amendment of the United States Constitution solely because of his trial and appellate counsel's deficient performance.

The petitioner's trial and appellate counsels failed to raise more meritorious issues on the petitioner's behalf in the District Court and on direct appeal.

The Sixth Amendment in part provides, in all criminal prosecutions, the accused shall enjoy the right to have assistance of counsel for his defense. The Sixth Amendment right to defense counsel in felony prosecutions is a fundamental right on the states through the Fourteenth Amendment as well. See, **Strickland v. Washington**, 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052 (1984), and **Gideon v. Wainwright**, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The standard which must be applied in determining what constitutes ineffective assistance of counsel are set forth in **Strickland**, supra.

The **Strickland** test has two components, both of which must be satisfied to establish that defense counsel's performance was ineffective. **Id. at 687.** This requires showing that counsel errors were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. To make this showing, the defendant must demonstrate that counsel's

18

errors were so serious as to deprive the defendant of a trial, a trial whose result is reliable. A court deciding an ineffective assistance of counsel claim must judge the reasonableness of counsel challenged conduct. A convicted defendant making claims of ineffective assistance must identify the acts of omission of counsel that are alleged not to have been the result of reasonable professional judgement. The court must determine whether, in light of all the circumstances whether the identified acts or omissions were outside the wide range of professional competent assistance. **Id.** at **690.**

The Supreme Court recognized in **Strickland**, that counsel bears a duty to make a reasonable investigation of the law and facts in his client's case. **Id.** at **691.**

Additionally, the ABA standards relating to Administration of Criminal Justice in part provides:

> **It is the duty of the lawyer to conduct prompt investigation of circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should always include effort to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exist regardless of the accused stated desire to plead guilty.**

**Standard 4-4.1.**

The Supreme Court has also established that the standard for ineffective assistance of counsel is the same for trial and appellate counsel. See, **Evitts v. Lucey**, 469 U.S. 387, 83 **L.Ed.2d** 821, 105 **S.Ct.** 830 (1985).

19

In the instant case, the petitioner's attorney never informed him that drug type and quantity were elements of a federal drug offense, nor did counsel compel the government or the court to prove beyond a reasonable doubt, drug type and quantity. Overall, counsel failed to have the jury instructructed, or have the court instruct the jury that drug type and quantity were substantial elements in determining guilt. The petitioner's attorney also allowed the federal government to prosecute him, where the federal government lacks subject matter jurisdiction to prosecute, convict, and sentence him for the offenses involved in the present case. The petitioner was deprived of a fair trial solely because of his attorney's errors. Counsel's actions fell far below the required standard of competent counsel here.

This court, reviewing the applicable law in reference to counsel's deficient performance in representing a defendant, as settled in the Eleventh Circuit, can only come to the conclusion that the petitioner was deprived of the guiding hand of counsel guaranteed by the Sixth Amendment. See **Aldrich v. Wainwright**, 777 F.2d 630, 631 (11th Cir. 1985), **Code v. Montgomery**, 899 F.2d 1481 (11th Cir. 1986), **Workman v. Tate**, 957 F.2d 1339, 1345 (11th Cir. 1992) and **Matire v. Wainwright**, 811 F.2d 1430 (11th Cir. 1987). The petitioner's ineffective assistance of counsel claims are availing and the peitioner is entitled to relief. This Court should take notice that all claims being raised in the present motion are being raised solely because of counsel's failure to present or raise the issues in the district court and on direct appeal. There exist an exception for those claims raised for fundamental and/or structural error.

For the following reasons stated, the petitioner's conviction and sentence should be vacated, and the case remanded back to the district court for compliance with the present claims. Moreso, because the merits of the petitioner's claims in this motion has yet to be addressed.

### CONCLUSION

This court should readily address the merits of the petitioner's claims and/or hold an evidentiary hearing to resolve the errors that have occurred here, all being fundamental and/or jurisdictional errors. The petitioner request an evidentiary hearing to resolve these matters as a fundamental miscarriage of justice Has occured, that affects the fundamental fairness of the proceedings and the court. **See U.S. v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979).**

Wherefore, the petitioner is entitled to relief in reference to the claims presented to this court, or an evidentiary hearing should be held without haste.

Respectfully Submitted,

Julio David Alfonso Pro-se
#66753-004
Federal Correctional Complex-USP
P.O. Box 1033
Coleman, Florida 33521-1033

21

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to the following parties listed below by way of United States Mail on this _7_ day of ____April____ 2003.

United States Attorneys Office
Attn: Kurt Stitcher, AUSA
99 N.E. 4th Street
Miami, Florida 33132


Julio D. Alphonso Pro-se
#66753-004
Federal Correctional Complex-USP
P.O. Box 1033
Coleman, Florida 33521-1033

22