# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

D.C.

OCT 30 2007

CLARENCE MADDOX
CLERK U.S. DIST· CT.
S.D. OF FLA.· MIAMI

### CASE NO. 03-208-78, 00-1162

00-1162CR
KMM

JULIO DAVID ALFONSO,
PETITIONER,

V.

UNITED STATES OF AMERICA,
RESPONDENT.

PETITIONER'S MOTION TO DISMISS THE INFORMATION FILED

UNDER TITLE 21 U.S.C. ¶ 851(a) THE COURT LACK OF

SUBJECT MATTER JURISDICTION

PURSUANT TO RULE 60(b)(4) FED.R.CIV.PROC.,

AND

RULE 12(b)(2) OF FED.R.CRIM.PROC.,

Julio David Alfonso, pro se
Reg. No. 66753-004
FCC USP-1
P.O. Box 1033, Unit F
Coleman, FL  33521-1033

## RESEARCH REFERENCES

Federal Criminal Code and Rule-West Group.

Federal Rule of Criminal Procedure 12(b)(2) & 7(c)(1) Criminal Information Section 851(a).

21 U.S.C. ¶ 851 & 841(b)(1)(A) & 18 U.S.C. ¶ 3559 proceeding to establish prior conviction.

21 U.S.C. ¶ 844(a) and 3559(a) Civil penalty for possession of small amount of certain Controlled Substance.

18 U.S.C. ¶ 3559 Sentencing Classification of Offenses and Criminal Information filed by United States Attorney.

## ANNOTATION REFERENCES

Federal Rule of criminal procedure 12(b)(2) and rule. A criminal Information must be a "plain, concise, and define written statement of the essential facts constituting the offense charged". **Fed. R. Crim. P. 12(b)(2) & 7(c)(1).** (emphasis added). An information that fails to charge the right element of an offense fails to charge that offense.

Construction and application of provisions of controlled substances act of 1970, 21 U.S.C. ¶ 851(d)(2) if the court determines that the person has not been convicted as alleged in the information it is an invalid conviction.

Supreme Court's construction and application of 21 U.S.C. ¶ 844 (a) and 18 U.S.C. ¶ 3559(a). Whether conduct made a felony under state law but a misdemeanor under the controlled substance act is a felony punishable under the controlled substance act. 18 U.S.C. ¶ 925(c)(2).....................[W]e hold it is not. Cite 549

U.S. (2006).

"[W]hat is "serious drug offense" in 18 U.S.C. ¶ 3559(c)(2)(H), for purposes of the: Mandatory Life Imprisonment under ¶ 851(a), means a federal drug offense punishable by not less than ten year in prison or a state offense that had it been prosecuted in federal court, would have been punishable by not less than ten year in prison. 18 U.S.C. ¶ 3559(c)(2)(H) and § 851(a).

## HEAD-NOTE

Classified to U.S. Supreme Court Digest Lawyers" Edt. Enhancement and penalties by Information.

> Ia. The enhancement by an information provision of 21 U.S.C. ¶ 851(a), which provides that the hearing shall be before the court with out a jury and either party may introduce evidence. The United States Attorney shall have the burden of proof beyond a reasonable doubt of any issue of fact.

On March 12, 2001, the United States Attorney filed an Information with the district court, pursuant to 21 U.S.C. ¶ 851(a) charging prior offense:

1). On or about 4-9-1990, Las Vagas, Nevada, movant was sentenced to three (3) years jail time, for possession of heroin, arising from an arrest on 10-3-1989, in violation of Nevada Statute 453-3385.

2). On or about 4-9-1990, Las Vagas, Nevada, movant was sentenced to three (3) years for possession of heroin, arising, from an 10-3-1989 arrest, under State of Nevada Information, Case No. 90-92829A, in violation of Navada Statute 453-3385.

## PROCEEDING TO ESTABLISH PRIOR CONVICTIONS PURSUANT TO ¶ 21 U.S.C. § 851 AND § 841(b)(1)(A)

### A. Information Filed by United States Attorney.

1). Petitioner objected to the implementation of 12 U.S.C. § 851, in Section (1) one to the government, the judge and to the probation officer, also on direct appeal, See Exhibit.__A__. Sentencing Transcripts, and Appeal Brief.

### B. Affirmation or Denial of Previous Convictions.

b-1 Petitioner objected and challenged both of the prior convictions Case No. 90-92829A, because it was a misdemeanor under 21 U.S.C. § 844(a) and 3559(a). See Exh.__A__, Sentencing Trans, and Appeal Brief.

### C Denial; Written Response; Hearing,

No hearing was ever conducted by the Sentencing Court at the First Sentencing.

c-Petitioner filed a written response to the probation officer objecting to the PSI Report, and also strongly argued during his initial sentencing hearing.

2-A--Petitioner objected to section (2)-A-because the conviction was a misdemeanor under 21 U.S.C. ¶ 844(a) of the controlled substance act, and 18 U.S.C. § 3559(a)

### E-Statute of Limitation.

e-Petitioner stands on **United States v. Davis,** 15 F.3d 902, 916 (9th Cir. 1999). Petitioner humbly and respectfully request this Honorable Court to concede alalogous authority.

1-**Mcnally v. U.S.,** 483 U.S. 350, 97 L.Ed.2d, 107 S.Ct. 2875 (1987).

C-3

United States v. Vea-Gonzales, 986 F.2d 321, 327 (9th Cir. 1993) and United States v. Salerno, 481 U.S. 739, 750-51, 107 S.Ct. 2095, 2103-04, 95 L.Ed.2d 697 (1987). The Supreme Court stated since section 851(e)'s time based classification affects such fundamental rights the classification must be justified by a compelling government interest. See Plyler v. Does, 457 U.S. 202, 216-17, 102 S.Ct. 2382, 2394-95, 72 L.Ed.2d 786 (1992).

Statute § 165-Ordinary meaning.

> When statute does not define a term the court must start with the assumption that the legislative purpose is expresses by the ordinary meaning of the word used.

Statute § 188-Rule of Lenity.

> The Rule of Lenity, comes into operation at the end of the process of contruing what Congress has expressed.

Federal Criminal Code and Rule.

### DISTRICT COURT

**INFORMATION**                                    **AMENDMENT**

> At any time before verdict or finding if no additional or different offense is charged and substantial rights are not prejudicial
> Crim. 7(e).

> Defense and objections based on defects other that failure to show jurisdiction in the court or to charge an offense which objection shall be noticed by the court at any time during pendency of proceeding must be raised prior to trial.
> Crim.R. 12(b)

The United States Supreme Court stated: See Macnelly.

> To be valid, an <u>indictment</u> must allege that
> the defendant performance acts which, if
> <u>proven</u>, <u>constituted a violation of the law</u>
> <u>that he or she is charged with violating.</u>

> To be valid, an information must allege that
> the defendant performance acts which, if
> <u>proven, constituted a violation of the law</u>
> <u>that he or she is charged with violating.</u>

The <u>information</u> and the <u>Indictment</u> are Analogous and the duty of both articles analogue because both give this Honorable Court <u>Jurisdiction</u> to act accordingly to what each article charges, both articles charges, both articles are drafted under Rule 7(a) and Rule 12(b). <u>The analogy of these two articles is undisputed.</u>

2. <u>Apprendi v. New Jersey,</u> 120 S.Ct. 525 (2000).

### RETROACTIVELY APPLY APPRENDI AND LOPEZ

In light of the fact that we have a statute that pre-exist the decision in <u>Apprendi</u> and <u>Lopez</u> that should have been applied properly from the beginning. Therefore, <u>Apprendi</u> and <u>Lopez</u> implied retroactive effect on the requirement of the clarity of the information.

### Judgment 289-relief-lack of jurisdiction

Rule 60(b) of the Federal Rule of Civil Procedure preserves parties opportunity to obtain vacatur of judgment that is void for lack of subject matter jurisdiction a consideration just as valid in a Federal habeas Corpus case as in any other Federal Habeas Corpus case as in any other Federal Civil Case absence of jurisdiction altogether deprives a Federal Court of the power

to adjudicate the right of the parties. (Scalia, J., joined by
Rehnquist, Ch. J. and O'Connor, Kennedy, Thomas, Ginsburg, JJ).

## PROCEDURAL HISTORY

1). On August 6, 2001, the movant filed a timely notice of appeal.

2). On November 14, 2001, motion from movant's Direct Appeal was
received, motion denied.

3). On December 3, 2001, the movant filed a motion to supplement
his direct appeal motion denied.

4). On April 11, 2003, the movant filed the instant motion to
vacate sentence pursuant to Title 28, U.S.C. § 2255, motion denied.

5). On July of 2003. Petitioner's reply to Government's answer
to petitioner's motion to vacate sentence under 28 U.S.C. ¶ 2255,
motion denied.

6). On May 24, 2005, Petitioner Requested permission to proceed
with a Certificate of Appealability motion denied.

7). On June of 2006, the petitioner filed a motion under 28 U.S.C.
§ 2255 the petitioner raised the following issues I, II, III, IV
V, none of the first four are in question in the motion to dis-
miss or Supplemental brief for issue No. 5.

## JUDICIAL REVIEW BY PETITIONER

For the clarity of the issue of Section 851(e) the five (5) year statute of limitation, petitioner did his own Judicial review to aid this Honorable Court as to the full understanding of the issue in question: The High Court stated "[t]hat time is in irrelevant when a constitutional issue has arisen in the person still in confinement.

Re-**United States v. Davis,** 15 F.3d 902, 916 (9th Cir. 1999). Section 851(e) bars the constitutionally protected opportunity to challenge the validity of prior conviction which will be used to enhance a criminal defendant's sentence which are older than five years old. To the extent that courts impose harsher sentences based on prior convictions, section 851(e)'s time bar affect the due process and liberty rights of individuals. See **id**; **United States v. Salerno,** 481 U.S. 739, 750-51, 107 S.Ct. 2095, 2103-04, 95 L.ed.2d 697 (1987). Since section 851(e)'s time based classification affects such fundamental rights the classification must be justified by a compelling government interest. See **Plyler v. Doe,** 457 U.S. 202, 216-17, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982).

Although no court has determined whether there is a compelling justification for section 851(e),[1] it is clear that the government has several interests in barring challenges to prior

Footnote 1/: In **United States v. Pallais,** 921 F.2d 684 (7th Cir. 1990), cert. denied, ____ U.S. ____, 112 S.Ct. 134, 116 L.Ed.2d 101 (1991), the Seventh Circuit recognized, while not addressing the issue, that section 851(e) may be unconstitutional for the reasons addressed in this appeal. See id. at 692.

convictions. there are costs associated with keeping court records indefinitely. "Without section 851(e)'s five year limitation period, records of prior convictions, going back many years...would have to be preserved." **United States v. Williams,** 954 F.2d 668, 673 (11th Cir. 1992)(citing **Cirillo v. United States,** 666 F.Supp. 613, 616 (S.D.N.Y. 1987)(internal punctuation omitted). There are evidentiary concerns. "The likelihood is that those persons who played a role, whether on behalf of the prosecution, defense or witnesses, no longer would be able to give direct testimony as to alleged events attendant upon the entry of the plea under attck." Id. And there are "thorny procedural difficulties" as sentencing hearings take on the burden of coping with strategic uses of challenges. See **U.S. v. Gonzales,** 986 F.2d 321, 328 (9th Cir. 1993). For these reasons the Eleventh Circuit, in **Williams,** supra, held that "Section 851(e) is whoily reasonable, both to effectuate the legitimate purposes of enhanced sentencing for recidivists, and to eliminate a host of practical problems with respect to ancient records absent such a provision." 954 F.2d at 673, cf. **United States v. Kinsey,** 843 F.2d 383, 391-92 (9th Cir.), cert. denied, 487 U.S. 1223, 108 S.Ct. 2882, 101 L.Ed.2d 916 (1988)(finding that sections 841(b)(1) and 851(e) did not violate defendant's right to a jury trial on the validity of their prior convictions because the statutes "merely set forth aggravating circumstances the presence of which require a trial court to increase the sentence of a habitual offender").

C-8

Nonetheless, what may seem wholly reasonable is not always compelling. The social costs of warehousing court records in order to protect constitutional privileges are less troublesome than the tremendous social costs associated with warehousing individuals on the basis of constitutionally infirm convictions. The problems of stale evidence, although real, are not unknown to our courts in other contexts, such as when a statute of limitations is tolled. And as **Vea-Gonzales** notes, "if enforcement of constitutional rights sometimes undermines efficiency, it is the price we all pay for having a constitution." 986 F.2d at 328. This court in **Vea-Gonzales** has recognized the constitutional right of criminal defendants to challenge prior convictions which will be used against them at sentencing. That right requires us to find that section 851(e)'s time bar to the exercise of that right has no compelling government interest and is therefore unconstitutional.

We recognize that at first glance our conclusion seems to create unnecessary practical problems for the administration of justice. For example, some courts have worried that by allowing challenges to prior convictions at sentencing our sentencing hearing may become the equivalent of section 2255 hearings. See **United States v. Avery,** 773 F.Supp. 1400, 1406-07 (D.Or. 1991). But this concern is unfounded because it ignores how our prior holdings and the relevant statutory framework for dealing with challenges to prior convictions at sentencing hearings have already addressed such practical concerns.

For example, although this circuit recognizes a constitutional right to challenge the validity of prior convictions used to enhance sentencing at the sentencing hearing, such challenges do not rise to the equivalent of full collateral attacks. "Such, challenge's test a conviction's validity solely for the purpose of using it as a basis for enhanced punishment, and do not have preclusive effect in state or federal habeas corpus proceedings challenging the same conviction." **United States v. Mims,** 928 F.2d 310, 312 (9th Cir. 1991)(construing U.S.S.G. §§ 4A1.2 and 4B1.2 challenges to prior convictions at sentencing hearing); accord **United States v. McGlocklin,** 8 F.3d 1037 (6th Cir. 1993); **United States v. Jones,** 907 F.2d 456, 468-69 (4th Cir. 1990), cert. denied, 498 U.S. 1029, 111 S.Ct. 683, 112 L.Ed.2d 675 (1991).

Although we hold section 851 unconstitutional, we leave the rest of section 851 undistrubed. Therein sentencing courts will find adequately detailed procedures regarding a criminal defendant's challenge to prior convictions, including how to set forth such claims, the burden of proof, waiver, ect. 21 U.S.C. § 851(c). These statutory procedures appear to provide adequate and economical procedures for sentencing courts faced with challenges to prior convictions under this section.

Therefore, we vacate **Williams** sentence and we remand for resentencing. At his resentencing Williams may challenge the validity of these prior convictions used to enhance his sentence regardless of when they occurred.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JULIO DAVID ALFONSO,
                    PETITIONER,                    CASE. 03-20878
                                                        00-1162

V.

UNITED STATES OF AMERICA,
                    RESPONDENT,

PETITIONER'S MOTION TO DISMISS INFORMATION FILED UNDER TITLE

21 U.S.C. ¶ 851(a) FOR LACK OF SUBJECT    MATTER    JURISDICTION

PURSUANT TO RULE 60(b)(4) OF FED.R.CIV.PROC. AND RULE 12(b)(2)

OF FED.R.CRIM.PROC.,

COMES NOW, the petitioner, **Julio David Alfonso,** Pro-se, and

without the aid of counsel and Respectfully moves this Honorable

Court to dismiss the **Information,** for lack of subject Matter Jur-

isdiction. The government relied on a "Non Qualifying prior drug

conviction to enhance petitioner's sentence. (Possession of heroin

Case No. 90-92829-A. Mere possession is not a felony under 844(a)

and 3559(a) as recently interpreted by the Supreme Court in **Lopez**

**v. U.S.,** cited as 549 U.S. (2006). Accordingly, this court does

not have jurisdiction over invalid **information** it violates the

Fifth Amendment, also breaches legislative intent under Title

18 U.S.C. ¶ 3559 and 21 U.S.C. ¶ 851 and also ¶ 841(b)(1)(A)..

---

* Footnote ®1/: The Supreme Court stated in Lopez:
     There are few things wrong with this argument, first being its
     incoherence with any commonsense conception of illicit trafficking,
     the term ultimately should count for a lot here, for the statutes
     in play do not define the term, and remit us to regular usage to
     see what Congress probably meant. Id.

-1-

<u>TABLE OF CONTENTS</u>                    Page

Research references...................................c-1

Annotations References..............................c-2,3

Head Note ..........................................c-2,3

Proceeding to established prior conviction under § 851(a)...c-4

Retroactively Apply,lopez and Jones.....................23

Motion to dismiss the Information.......................1

Statement of the case..................................2,3

Facts of the case....................................3,4, 5

Procedure History....................................3,4,5

Argumentation..........................................7

Statute of Issues and standard for review ..............8

First Assignment of Error............................9,16

Second Assignment of Error ..........................17,20

Third Assignment of Error............................21,24

Conclusion............................................25

### APPENDIX AND EXHIBIT

Sentencing T.r. Exhibit................................A

Indictment U.S.........................................B

Criminal  Information Filed § 851 (a)...................C

<u>TABLE OF AUTHORITIES</u>                     Page

Evan V. U.S. F.2d 596 (8th CIR.)............................7

Gaerbier V. Holmes, 280 F,3d 297 (CA 2002)...................7

Gonzales V. Crosby, 125 S,CT. 2641 (2005)...................7

Gonzales V. Gomez-Achin, 441 F,3d, (CA 7 2006)..............7

Jones V. U.S. 526 U.S. at 232 119 S.CT. at 219.........21,23

Lopez V. U.S. 549 U.S. (2006)......1,7,9 10,12,14,16,19,....20

NEW JERSEY V. Apprendi, 120 S,CT. 525 (1999)...............24

Paderson V. South Willian Sport, 667F.2d 312 (3rd Cir)......16

U.S. V. Blackwood ,913 F. 2d 139, (4th Cir 1990)...........13

Holloway V. U,S. 119 S.Ct. 996 (1999).....................11

Pyler V. Does, 202 216,17,102 S.Ct.2382-94,95 72 LED,2d,786.11

U.S. V. Davis,15 F. 3d 902,916 (9th Cir.1999).............c.2

U.S. V. Issa,493 F,3d 1124,1140 (11th Cir...............7

U.S. V. Mclemore,28 F.3d. 1160 (11th Cir. (1194)..........11

U.S. V. Palacio,413 F. 3d. 692 (CA6 2005)...................7

U.S. V. Salerno,U.S. 739,750-51,607 S,Ct..2095,2103-04 95..c-3

U.S. V. Sandles, 80 F. 3d. 1145 .........................16

U.S. V. Simpson,8 F.3d. 546,(7th CIR.)....................16

U.S. V. Vea-gonzales,986,2d. 327 (9th Cir.1993)..........c,3

## STATEMENT OF THE CASE

Appellant Julio Alfonso was indicted by a Federal Grand Jury in a seven count indictment charging his with the following offense.

Count One: Conspiracy with intent to distribute five kilograms or more of cocaine in violation of Title 21 U.S.C. Sect 846 and 841.

Count Two: attempt to possess with intent to distribute five kilograms or more of cocaine in violation of title 21 U.S.C. 841 and 846

Count Three: conspiracy to commit robbery by means of force in violation of 18 U.S.C. 1951(a)

Count Four: attempt to commit robbery by means of force in violation of 18 U.S.C. Sect 1951(a) and (2).

Count five: Conspiracy to carry and possess a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(o)

Count Six: possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924 (C)

Count Seven: possession of a firearm by a convicted felon in violation of 18 U.S.C. 922 (G) (1).

See Exhibit "B" , Appendix, Section B-10.
To all these charges the defendant pled not guilty.

A Jury Trial commenced on April 30, 2001 and on July 2,2001 Appellant was found guilty of all charges.

On August 2, 2001 Appellant was sentenced to serve a life sentence based on the fact that the court held that Appellant was a career offender based in part on a drug conviction arising out of Las Vegar, Nevada, to which Appellant objected.

A notice of Appeal was timely.

4

## STATEMENT OF THE FACTS.

Appellant along with Co-Defendant Marcos Enamorados came to the attention of a confidential informant who introduced both Appellant and Enamorados to an undercover agent in order to carry out a fictitious plan to rob the undercover to obtain drugs (TR 5-7).

There were a number of meeting between Appellant and the undercover (TR 8-16).

The plan was to go into a location where the drugs were being stored and at gun point rob the undercover, who was pretending to be a drug dealer and a fictious cohort of the undercover who was oblivious to the plan (TR 5).

Appellant arranged to do this and was audio and video taped doing this (TR 9-62).

When the time came, both Appellant and Enamorados had one final taped meeting with the undercover officer during which preparations were made, the plan was gone over again and firearms were brought to immediately set out for the fictitious location where the drugs were hidden (TR 62-66).

At that time Appellant was arrested TR-66

After appellant was found guilty by the jury a Pre Sentence report was ordered by the trial court.

In the report Appellant was found to have been convicted of a drug felony in Las Vegas, Nevada.

Appellant challenged that conviction as a predicate for being categorized as a career offender in that the conviction was ambiguous (Sentencing hearing 2-6).

The court overruled Appellant's objections and sentenced him as a career offender to life imprisonment (Sentencing hearing 6).

## STATUTE OF ISSUE AND STANDARD OF REVIEW

1). Whether the information filed pursuant to Section 851(a)
21 U.S.C. and ¶ 841(b)(1)(A) require two prior felony drug con-
victions under the Controlled Substance Act for enhancement to
life sentence which is denominate a felony offense under State
of Nevada Law, but a misdemeanor under the CSA and  ¶ 844(a)
21 U.S.C. as applied to the case, as to deny fundamental fair-
ness and due process. Furthermore, the Court lacked subject mat-
ter jurisdiction to impose a sentence in this matter, it violated
the petitioner's Fifth Amendment under the due process clause,
review of this issue is plenary).

2). Whether the proceeding to establish prior conviction pur-
suant to Section 851(a) define two distinct penalty one under
Section 841(b)(1)(A) and another under section 3559 or one en-
hancement with two different penalties, **Jones v. United States,**
526 U.S. at 232, 119 Statute 18 U.S.C. ¶ 2119 and 3559 (Review
of these issues is plenary).

   In the case at hand the government submitted one certified
copy of the conviction from the State of Nevada: and alleges
that  the certificate is what the statute 851(a) required for
Sentencing enhancement.
(a) On or about 4-9-1990 in the State of Nevada, Mr. Alfonso,
was sentenced to a term of three (3) years jail time for poss-
ession of heroin arising from an arrest on 10-3-1989, Case No.

6

93-C110685-C in violation of the State of Nevada and in viola-
tion of Nevada Statute 453-3385.

## ARGUMENTATION

For the clarity of the issue that comes into review and to
aid the Court to have a full understanding of the conflict that
led the Court to wrongly sentence Petitioner Alfonso to a life
term of imprisonment. The petitioner will classify the exculp-
atory evidence as follows:

**Direct Authority:**

**Lopez v. U.S.,** 549 U.S. (2006). Mere possession is not a fel-
ony, **Gonzales-Gomes v. Achin,** 441 F.3d 582 (CA7 (2006) State law
felony is not an aggravated felony, **U.S. v. Palacio,** 413 F.3d 692
(CA6 2005)(Same), **Gerbier v. Holmes,** 280 F.3d 297 (CA3 2002)(Same)
**Gonzales v. Crosby,** 125 S.Ct. 2641 (2005). The Supreme Court stated
that lack of subject matter jurisdiction may not be waived by the
defendant, **U.S. v. Issac,** 493 F.2d 1124, 1140 (11th Cir.) **Evans
v. U.S.,** 325 F.2d 596 (8th Cir.) and it may be raised at any time
during the proceedings, **Taylor v. U.S.,** 495 U.S., 110 S.Ct. 2143,
109 L.Ed.2d 607 (1990) and Rule 12(b)(2) Fed.R.Crim.Proc.,.

---

*Note: We granted certiorari to "resolve" conflict in Circuits about the
proper understanding of conduct treated as a felony by the State that con-
victed a defendant of committing it, but as a misdemeanor under the (CSA).
547 U.S...".Id.

The Supreme Court made clear that parties should have the opportunity to vacate a judgment that "Void" for lack of subject matter jurisdiction, See **Gonzales v. Crosby,** 125 S.Ct. 2641 (2005).

## B. Federal Sentencing Guidelines:

If the above drug conviction would have been Federally prosecuted the guideline calculation would be as follows:

Section 2D1.1 less than 250 grams of Marijuana would be level 6 and would carry a sentence of probation, do to the fact he in fact possessed that amount of marijuana would be 150 grams because of the small amount of heroin of 1.7 grams.

In the case at bar we have one sentence that amounts to 6 months under the U.S.S.G. combined. Now the question I would like to ask this court most respectfully, did Congress intend that type of conviction trigger a mandatory life sentence? My answer most respectfully is No! See 18 U.S.C. ¶ 3559(a) and ¶ 844(a)(ii) and **Lopez v. United States,** at 549 U.S. 2006).

### SUMMARY OF ARGUMENT

### FIRST ASSIGNMENT OF ERROR, LACK THE COURT OF SUBJECT MATTER JURISDICTION

Mr. Alfonso seeks review of process, standards and judicial determinants which led to the imposition of mandatory life sentence pursuant to the information filed by the (AUSA) under the provision of 21 U.S.C. ¶ 851 and 841(b)(1)(A)(ii). Under those provision the Court found that he had two prior state convictions that under the C.S.A. are misdemeanors mandated the imposition

of life sentence. We submit that Mr. Alfonso at most, as applied, should have received a 20 year sentence. In the case at bar the information is not valid and violative of the Fifth Amendment because the (A.U.S.A) relied on a "non qualifying" prior drug conviction, and the court lacked subject matter jurisdiction, thus the information should be dismissed, and the snetence set-aside. See **Harris v. U.S.**, 149 F.3d 1304 (11th Cir. 1998).

The focal point of this argument is premise upon the statutes under 21 U.S.C. ¶ 851(a), it requires two prior felony convictions under the C.S.A. as a predicated offense before the mandatory life sentence may be imposed. We submit that a 1990, State of Nevada conviction for merely possessing 1.7 grams of heroin while unfortunately demoniated the State of Nevada felony under charging rubbic, is not the type of crime whichsubstantive due process requires to meet the government's predicate requirements. The Supreme Court in **Lopez,** at 549 U.S. 2006), stated:

> The INA makes Lopez guilty of an aggravated felony if he has been convicted of "illicit trafficking in a controlled substance...including", but not limited to, a "drug trafficking crime (as defined in section 924(c) of Title 18)"; 8 U.S.C. ¶ 1101(a)(43)(B). Lopez's state conviction was for helping someone else possess cocaine in South Dakota, which state laws treated as the equivalent of possessing 42-5. Mere possession is not, however, a felony under the Federal CSA, See 21 U.S.C. ¶ 844(a) possessing more than what one person would have for himself will support conviction for Federal felony of possession with intent to distribute, See 841 (2000 ed. and III); United States v. Kates, 174 F.3d 580, 582 (CA5 1999)(per curiam)("Intent to distribute may be inferred from the quantity of drugs too large to be used by defendant alone)". Despite this Federal misdemeanor treatment, the government argues that possession's felonious character as a state crime can turn into an aggravated felony under the INA. There, it says, illicit trafficking include a drug trafficking crime as defined in federal Title 18, Title 18 defines "drug trafficking crime" as "any felony punishable under the controlled substance act (21

U.S.C. ¶ 801 et. seq)" 924(c)(2) and the CSA punishes possession albeit as a misdemeanor, see 405(a) 1-2 Stat. 4828, 21 U.S.C. ¶844(a). That is enough, say the government 4B1.2 requires only that the offense be punished not that it be punishable as a Federal felony. Hence, a prior conviction in State court will satisfy the felony element because the State treats possession that way.

We submit that the conviction of the State of Nevada for 1.7 grams of heroin does not qualify as a drug trafficking offense within the meaning of the Sentencing Guideline 4B1.1 and the CSA under section 844(a) and 3559(a) **Lopez,** cite at 549 U.S. (2006). The Ninth Circuit in evaluating a Nevada case and the Statute 453, 3385; held that prior drug possession offense in violation of Nevada Law did not qualify as a "drug trafficking offense" the Court of Appeals for the Ninth Circuit review de novo the district court's decision that a prior conviction is a qualifying offense warranting a 16 level sentencing increase for illegal reentry offenders with prior drug trafficking offense the circuit court under the **Taylor** categorial approach for determining whether a prior conviction is qualifying drug trafficking offense for purpose of applying 16 level sentencing increase for illegal reentry offender, a court first look only to the fact of the prior conviction and the underlying statute definition of the offense the Ninth Circuit held that the defendants prior possession offense in violation of Neveda law did not qualify as a "drug trafficking offense" with the mining of the Sentencing Guideline. The Court of Appeals found the statute ambigous because even to file title of the Nevada Statute used the ph-

rase "trafficking in controlled substance", it criminalized mere possession in addition to trafficking, also the Appeal Court noticed that no Nevada court document indicated that the defendant actually committed an offense other than possession of drugs.

In the case at hand the argument that Mr. Alfonso bring's to this Honorable Court's is identical as **Villa-lara,** cite as 431 F.3d 963 (9th Cir. 2006). To begin to evaluate the statute 453, 3385 that criminalized mere possession of certain amounts of drugs without proof of any trafficking intent at sentencing, the government acknowleged that there was anu document as to proved that the offense amounts to any thing but to a possessory offense in this case like in **Villa-lara.** See Exh.___A___. Sentencing Transcripts Please See **Lopez** cite at 549 U.S. (2006) and **Taylor v. U.S.** 495 U.S. 110 S.Ct 2143, 109 L.Ed.2d 607 (1990)

## 11 Pricniples of Statutory Construction:
## 11(a) General Rules.

The statutory language is the starting point for interpreting the meaning of a statute. Interpreting the language of a statute however, the court does not look at one word or one provision in isolation, but rather looks to the statutory scheme for clarification and contextual reference. **United States v. McLemore,** 28 F.3d 1060 (11th Cir. 1994). That is, the court should consider not only the bare meaning of a critical word or phrase, but also its placement and purpose in the statutory scheme. **Holloway v. United States,** 119 S.Ct. 996 (1999).

In the case at hand, the government wrongly relied on the
language of section 802(13) and (43) that has been promulgated
by congress as to define the definition of drugs and felony to
enhance petitioner's sentence under section 851(a) by erroneously
using State felony convictions but a misdemeanor under the CSA
in violation of the Fifth Amendment of the U.S. Constitution,
844(a) and 3559(a) WHEN IN FACT CONGRESS has promulgated the
sentencing classification for;

Section 851(a) under Title 18 U.S.C. Section 3559H(a)(ii)
and 4.

> That read as follows and quote; and offense under the
> state law that had the offense been prosecuted in a
> court of the United States, would have been punishable
> under Section 401(b)(1)(A) or 408 of the controlled
> substance act (21 U.S.C. ¶ 841(b)(1)(A) or section
> 1010(b)(1)(A) of the Controlled Substance Act.

But it goes further to explaining in section 3559(4) and
quote:

> Information filed by United States Attorney the provision
> of section 411(a) OF THE CONTROLLED Substance Act (21 U.S.C.
> ¶ 851(a) shall apply to the imposition of sentence under this
> section, end of quote:

It is clear from the supra that Congress has incorporated
the sentencing classification felony offense of Title 18 U.S.C.
¶ 3559 H(i)(ii)(4) to section 851(a) in the same manner that
congress incorporate the definition of aggravated felony from
Title 18 Section 3559 into Title 8 section 1101(a)(43) also did
as well in section 851(a) 21 U.S.C. Section 1001(a)(43) also

read just as section 802(13) and quote: **Lopez,** 549 U.S. (2006).

**The term aggravated felony applied to an offense described into this paragraph whether in violation of Federal or State Law or in certain circumstances, the law of a foreign country 8 U.S.C. ¶ 1101(a)(43).**            end-of-quote:

The expansive interpretation that the government's give the reading of section 802(13(44) and 1101(a)(43) is exactly what the Supreme Court in **Lopez** strongly rejected and has made clear in their opinion in **Lopez** that unless a state offense is punishable as a federal felony it does not count, cite as 549 U.S. (2006).

Furthermore, Mr. Alfonso respectfully borrows the statute on issue to show the anology of both cases.

Petitioner avers that the government's reading would render the law of sentencing classification 18 U.S.C. ¶ 3559(a)(c)(2) (H) 21 U.S.C. ¶ 851(a) and 841(b)(1)(A) dependent on varying state criminal classifications even when congress has apparently pegged the 21 U.S.C. ¶ 851 statutes to the classification congress itself chose. It may not be all that remarkable that Federal consequence of the State crime will vary according to State severity classification when congress described an aggravated felony in generic terms without express express reference to the definition of a crime in a Federal statute (as in the case of illicit trafficking in a controlled substance). But it would have been passing strange for congress to intend any such result

13

when a State criminal classification is at odds with a Federal provision that CSA provides as a specific example of an aggravated felony like the 18 U.S.C. ¶ 3559(h)(i)(ii) definition of drug trafficking crime. We cannot imagine that congress took the trouble to incorporate its own statutory scheme of felonies and misdemeanors if it meant that the court was to ignore it whenever a state chose to punish a given act more heavily.

In **United States v. Blackwood,** 913 F.2d 139 (4th Cir. 1990), the Fourth Circuit had an opportunity to review the sentence of an alleged three-time offender under section ¶ 841(b)(1)(A)(iii). The court referred to the following crucial lesislative history.

> Congress demonstrated section 6452 of the Anti-drug abuse Act, which created this mandatory life sentence life in Prison for **three-time** Drug offenders". Senator Boschwitz, desiring some of the Act's provision on the Senator floor, similarly referred to section 6452 as a "Three Time Loser" for dealing with mandatory life sentence for their third time drug trafficking offense. Id. at 147 (emphasis in part in original and in part supplied.

The clear upshot of the Congressional intent is that only third time drug **trafficking** offenders will receive the ultimate penalty. To then determine that a mere and simple possession of heroin of 1.7 grams should provide part of the predicate for imposing a life sentence, merely because the State of Nevada demoninate this type of offense as a felony. It is clear that this was a trafficking offense under the CSA as 1.7 grams was allegedly found in a cigarette pack upon the person of Mr. Alfonso. Moreover, all the Nevada charging documents, docket entries, and F.B.I. rap sheet reflect merely a possessory offense.

14

Whereas, petitioner's research has found no case where such a small amount of drugs, possessed under these circumstances, could be inferred to constitute possession with intent to deliver. While such an offense would have provided the proper predicate, the 1990, State of Nevada conviction clearly does not.

The Supreme Court in **Lopez** stated:

> Act or felony as defined by the Act. Without some futher explanation, using the phrase to cover even a misdemeanor punishable under the Act would be so much trickery, violation the cardinal rule that statutory language must read in context. General Dynamics Land Systems, Inc. v. Cline, 540 U.S. 581, 596 (2004).
>
> (internal quotation marks and bracket omitted). That is why our interpretive regime reads wholse section of a statute together to fix on the meaning of any one of them and the last thing this approach would do is divorce a noun form the modifier next to it without some extraordinary reason.

> The government thinks it has a good enough reason for doing just that, in INA provisions already mentioned that the term aggravated felony applied to an offense (described in this paragraph whether in violation of Federal or State law. 8 U.S.C. ¶ 1101(a)943). But before this provision is given the government's expansive treatment it makes sense to ask whether it would have some short of wrenching the expectations raised by normal English usage, and in fact it has two perfectly straight forward jobs to do; it provides that a generic description of an offense...in this paragraph, one, not specifically counched as a state offense or a federal one, cover either one, and it confirms that a state offense whose elements include the elements of a felony punishable under CSA is a aggravated felony. Thus, if Lopez's state crime actually fell within the general term illicit trafficking, the state felony conviction would count as an aggravated felony, regardless of the existance of a federal felony counterpart; an State offense of possessing more than five grams of cocaine base is an aggravated felony because it is a felony under the CSA, 21 U.S.C. ¶ 844(a).

The government's reliance on the penultimate sentence of 8 U.S.C. ¶ 1101(a)(43) is misplaced for a second reason. The government tries to justify its unusual re-reading defined term in the criminal code on the basis of a single sentence in the INA. But nothing in the penultimate sentence of 1101(a)(43) suggests that congress changed the meaning of felony punishable under the CSA when it took that phrase from Title 18 and incorporated it into Title 8's definition of aggravated felony. Yet the government admits it has never begun a prosecution under 18 U.S.C. ¶ 924(c)(1)(A) where the underlying drug trafficking crime was a state felony, but a federal misdemeanor. See Tr. of Oral Arg. 33-36. This is telling: the failure of even a single eager Assistant United States Attorney to act on the government's interpretation of felony punishable under CSA in the very context in which that phrase appears in the United States Code belies the government's claim that its interpretation is the more natural one.

In comparison to the Nevada's charging scehme, the Commonwealth of Pennsylvania provides for a more appropriate charge under these circumstances. Under 35 P.S. 780-113(a)(16) a defendant found in possession of such a miniscule amount of a controlled substance would be found guilty of a misdemeanor with a maximum sentence of one year.

Had this 1990 conviction been in Pennsylvania or under the State system we would not be submitting this argument to the court today. It is concealed that Mr. Alfonso had one prior trafficking conviction, and he could have properly been sentenced to at least 20 years, the required minimum under the statute.

The substantive component of the due process offers Mr. Alfonso protection in various ways, most applicable in ensuring the fundamental fairness of proceeding as well as setting of

16

mearsable and certain standards by which justice is meted out. The sentencing and sentencing process met neither of these elemental rights.

It is beyond civil that fundamental fairness is what due process means. See **Paderson v. South Williamsport Area School District,** 677 F.2d 312 (3rd Cir), cert. denied. 103 S.Ct. 305 (1985). Here Mr. Alfonso was denied that fundamental fairness due, especially in a case prescribing the ultimate penalty for this offense. A mere possessory was wrongly utilized to enhance the sentence to life in prison. The Supreme Court in Lopez has provided guidance under these circumstances and instruct sentencing courts that such an obeisance to from over the calling of a possessory offense where offense was simply possession under the Controlled Substance Act and not trafficking cannot be tolerated especially where a defendant's liberty is so completely at stake. The Supreme Court in Lopez stated:

> Reading ¶ 924(c)) the government's way then would often turn simple possession into trafficking, just what the english language tell us not to expect, and that makes us very wary of the government's position. Cf. **Leocal v. Ashcroft,** 543 U.S. 1, 11 (2004). We cannot forget that we ultimately are determining the meaning of the term crime of violence. Which is not to deny that the government might still be right; Humpty Dumpty used a word to mean just what he chose it to mean neither more less, and legislature too, are free to be unorthodox. Congress define an aggravfelony of illicit trafficking in an un-expected way. But Congress would need to tell us so, and there are good reason to think it was doing no such thing here.

## SECOND ASSIGNMENT OF ERROR, COURT LACK OF SUBJECT MATTER JURISDICTION

Where the information is altered as to change non qualifying offense it violates the Fifth Amendment and fails to show jurisdiction in the Court. In the case at bar the conviction in the information charged Petitioner with an aggravated felony which exposed Petitioner to a mandatory life sentence. In spite of the facts that the (AUSA) was well aware that the conviction for 1.7 grams of heroin was not aggravated felony conviction under CSA and U.S.C. ¶ 844(a). Under these circumstances the court lacked of subject matter jurisdiction as the information relied upon a "non qualifying drug conviction as required by 21 U.S.C. ¶ 851 and 18 U.S.C. ¶ 3559, the failure of the information to charge the right offense is a jurisdictional defect requiring dismissal. The absence of prejudice to the Petitioner does not cure what is necessary a substantive jurisdictional defect. Due process requires that a defendant be sentenced on the basis of accurate information; **U.S. v. Simpson,** 8 F.3d 546 (7th Cir).

The Supreme Court opined in **Lopez,** cite as 549 (2006), stated first time clearly, articulate that the opinion in **Lopez** was to resolve a conflict in the circuits about the proper understanding of conduct treated as felony by the state that convicted defendant of committing it, but as a misdemeanor under the CSA. The prosecutor in **Lopez** and (AUSA), in the case at hand share this same point of view that the requirement is that the offense be

18

punishable not to be punishable as a Federal felony, under the
CSA. Hence, a prior conviction in State Court will satisfy the
felony element because the State treats possession that way.

The Supreme Court stated in **Lopez:**

> There are few things wrong with this argument, the
> first being its incoherence with any common sense
> conception of illicit trafficking, the term ultimately
> should count for a lot here, for the statute in play
> do not define the term, and remit us to regular usage
> to see what Congress probably meant **FDIC v. Meyer,** 510
> U.S. 741, 476 (1994). And ordinarily trafficking means
> some sort of commerical dealing. See Black's Law Dict-
> ionary 1524 (8th Ed. 2004) defining to traffic as to
> trade or deal in goods, esp. illicit drugs or other
> contraband; See also **Urea-Ramirez v. Ashcroft,** 341
> F.3d 51, 57 (CA1 2003)(similar definition); **State v.**
> **Ezell,** 321 S.C. 421, 425, 468 S.E. 679, 681 App. 1996
> (same). Commerce, however, was no part of Lopez's
> South Dakota offense of helping someone else to poss-
> ess, and certainly it is no element of simple possess-
> ion, with which the State equate the crime. Nor is the
> anomaly of the government's reading limited to South
> Dakota cases: while Federal law typically treats traff-
> icking offense as felonies and non trafficking offense
> as misdemeanors, several states deviate significantly
> from this pattern.

The Supreme Court's opinion in **Lopez** supra makes clear that
under this circumstance of Petitioner's case where Petitioner
was found in possession of a miniscule amount of controlled sub-
stances would be found guilty of a misdemeanor under the contr-
olled substance act with a maximum sentence of one year. Which
means that the information is altered as to charge a "non qual-
ifying" drug conviction and this is very prejudicial because if
the (AUSA) would have filed information the right conviction
which is a misdemeanor under the CSA. We submit that petitioner,
at most as applied should have received a 20 year sentence.

Moreover, Petitioner's argument is analogous to **Lopez.**

19

The prosecutor enhanced **Lopez** using the State felony conviction for trafficking cocaine, **Lopez,** concealed the controlled substance violation but contended that aggravated felony determination which disqualify him from discretionary cancellation of removal See 1229B(a)(3). At first, the immigration judge agreed with **Lopez** that his state offense was not an aggravated felony because the conduct it proscribed was not a felony under the Controlled Substance Act (CSA). But after the board of immigration appeal (BIA) switch its position on the issue, the same judge said **Lopez's** drug crime was an aggravated after all, owing to its being a felony under the state law. That left Lopez ineligible for cancellation of removal, and the judge ordered him removed.

The case at bar and Lopez are analogous, exactly what happened to Lopez about the confusion of the court in using a state felony conviction but a misdemeanor under the Controlled Substance Act. In Mr. Alfonso case the court used a state conviction of 1.7 grams of heroin to sentence Mr. Alfonso to a mandatory life sentence the government presented the following evidence: See Exhibit. "C" . State of Nevada Records and Case Numbers.

The government should it re-frain from charging in the information such a minusculous amount of drugs of only 1.7 grams of heroin as a second aggravated felony conviction knowing that under the CSA it is a misdemeanor, See 21 U.S.C. ¶ 844(a) and does not qualify as the second felony conviction as required

by section 851(a) 21 U.S.C., and the Court lack of subject matter jurisdiction that require dismissal of the criminal information.

This Honorable Court was reluctant to sentence Petitioner to a term, of life imprisonment but like in **Lopez's**, 549 U.S. 2006) the government told this Honorable Court that owing to its a felony under the state law it does qualify for the second and third felony in the criminal information.

Furthermore, the Supreme Court in **Lopez** stated and quoted; Yet by the government's lights, if a state makes it a felony to possess a gram of marijuana the Congressional judgment is supplant and a State convict a subject to mandatory deportation because the alien is ineligible for cancellation of removal. There is not hint the statute's text that Congress was courting any such state-by-state disparity. The situation in reverse flouts probability just as mush possession more than five grams of cocaine base is a felony under law. See 21 U.S.C. Section 844(a). If a state drew the misdemeanor-felony line at six grams plus, a person cobvicted in state court of possession of six grams would be guilty of an aggravated felony on the government's reading which makes the law of the convicting jurisdiction dispositive. See Brief for Respondent 48. Again, it is just not plausible that congress meant to authorize a state to overrule its judgment about the consequence of Federal offense to which its immigration law expressly refers. end-of-quote:

## THIRD ASSIGNMENT OF ERROR, LACK THE COURT OF SUBJECT MATTER JURISDICTION

Whether the government alternate reading of section 851(a); 3559H(i)(ii)(4) is an enhancement with two distinct penalties would render the statute subject to constitutional doubt. **See Jones v. U.S.,** at 232.

Based in the government's application and in his own theory of section 851(a) dictate the same language in **Jones v. U.S.,** 526 U.S. 227 (1999). In **Jones,** the court faced the question of whether the Federal carjacking statute, 18 U.S.C. ¶ 2119, define three distinct offense or one crime with three possible penalties. That two of the facts that did not need to be present in the indictment or decided by the jury. See **Jones,** 526 U.S. at 229. The basis of statute 18 U.S.C. ¶ 2119, provides that any one convicted under the statute must be imprisoned for no more than fifteen years. However, if "serious bodily injury" resulted from the carjacking, the maximum term of imprisonment is life 18 U.S.C. ¶ 2119(3).

> IN Lopez's opinion the Supreme Court point and quote; Although the government have us look to state law we suspect that if Congress had meant us to do that it would have found a much less misleading way to make its point. Indeed, other parts of ¶ 924(g)(3)(k)(2) and implication confirm that the (CSA) in 924(c)(2) is to a felony punishable as a felony under the Federal felony it does not count. end-of-quote, cited as 549 U.S. (2006).

The analogy between the carjacking statute 18 U.S.C. ¶ 2119 under 21 U.S.C. ¶ 851(a), is the fact that if the government

file an information against a defendant and under section 841(b)
(1)(A), the government used two generic state felony convictions
that at the Federal level are misdemeanors to enhance the defend-
ant's sentence to a mandatory life imprisonment. Hence if the gov-
ernment is pursuing a second enhancement under section 851(a),
but instead of filing the criminal information under ¶ 841(b)(1)
(A), 21 U.S.C.,.The government filed under section 3559 the gover-
ment can not use the same generic state conviction to obtain such
enhancement. Even though the government is using section 851(a)
because section 3559 clearly required that the state conviction
must be punishable under 841(b)(1)(A). Just like 21 U.S.C. ¶
851(a) required. But the government has applied that a prior
conviction in State Court will satisfy the felony element be-
cause the state treats possession that way without some further
explanation in violation of the Fifth Amendment of the United
States Constitution. Its also breach the legislative intent by
punishing misdemeanor under the Controlled Substance Act as
aggravated felonies also the alternate reading of one crime with
two distinct penalties would render the statute subject to con-
stitutional doubt. Section 3559 is defined as sentence classifi-
cation offense.

In subparagraph (h)(i) define the term "serious drug offense"
and specified that it must be punishable under section 841(b)(1)
(A) but it goes further to explaining the type of state felony
that qualifies to be filed under an information Section 851(a)
21 U.S.C.. and-of-quote:

An offense under state law had the offense
been prosecuted in a Court of the United States
would have been punishable under section 841
(b)(1)(A).

Thus under 21 U.S.C. ¶ 841(a) based on the government's theory
of section 851(a) applied to any generic felony. Unlike in Title
18 U.S.C. ¶ 3559(H)(i) section 851(a) only applied to Controlled
Substances sentences no less than a 10 to life under CSA. The
Supreme Court reversed **Jones**, 526 U.S. at 232, 119 S.Ct. at 2119.
That because the Court found alternate reading of the statute
plausible it opted for three distinct offenses. See Id. at 251-
52, 11 S.Ct. 1228. Noting that the alternate reading one crime
three distinct penalties would render the statute subject to
constitutional doubt.

Furthermore, there is not ambiguity in the legislative intent
of 21 U.S.C. ¶ 851(a) as to the requirement that the two prior
felony convictions to implicate a particular penalty must be sub-
ject to enhance penalty under section 841(b)(1)(A), by the govern-
ment omission of this aspect of the statute in the information.
Thus has failed to comply with law in every case that has not
complied with the statutory requirement in violation of the Fifth
Amendment of the United States Constitution and lack this Honor-
able Court of subject matter jurisdiction. This require that the
criminal information be dismissed and set-aside the conviction
and sentence. That a new sentence be imposed accordingly with
law. In this case we have a statute that pre-exist the decision
in **Apprendi** and **Jones** that should have been applied properly

24

from the beginning. Therefore, the supra, implied retroactive effect on the requirement of clarity of the criminal information for jurisdiction purpose.

In reviewing a conviction under Federal Law that contains a jurisdictional element, the court must determine not whether Congress constitutionally could have enacted such a statute. But whether the jurisdictional element provide by Congress to ensure constitutional application of the statute has been met. The law for bid the government from choosing whether and when to apply the law. this responsibility include the duty required by the oath to defend the law. In the case at hand the government with-held the fact that 1.7 grams of heroin was a misdemeanor under the Controlled Substance Act, 21 U.S.C. ¶ 844(a) and 3559. That lack the Court of subject matter jurisdiction, and a new sentence be imposed accordingly with the law.

> The Supreme Court in Lopez's state and quote:
> Several States punish possession as a felony. See e.g.
> S.D. Codified Law 22-42-5 (2004) 22-6-1 (2005 Supp);
> Tex. Health & Safety Code Ann. 481.115 (West 2003); Tex
> Penal Code Ann 12. 32-32-12.35 (West 2005); See also
> n. 10 infra, In contrast, with a few exceptions the
> CSA punish drug possession offense as misdemeanors
> (that is by one year imprisonment or less, cf 18 U.S.C.
> ¶ 3559(a), See 21 U.S.C. ¶ 844(a)(providing for a term
> of imprisonment of not more than 1 year for possession
> offense except for repeat offenders persons who possess
> more than five grams of cocaine and person who possess
> of flunitrazepaim and trafficking offense as felonies,
> 841 (2000 ed. and Supp III) L. Carroll, Alice in wond-
> erland and through the looking glass 198 (Messner 1982).

> Of course we must acknowledge that Congress did erintuitively define some possession crime that correspond to felony violations of one of the three statutes enumerated in ¶ 924(c)(2), such as possession of cocaine base and recidivist possession, see 21 U.S.C. § 844(a) clearly fall within the definition used by Congress in 8 U.S.C. ¶ 924(c)(2), regardless of whether these federal possession felonies or their state counterparts constitute illicit trafficking in a controlled substance or drug. But this coerced inclusion of a few possession of a few possession offense in definition of illicit trafficking does not call for reading the statute to cover other for which there is no clear statutory command to override ordinary meaning.

End-of-quote

This court is under a duty to inquire into the matters of jurisdiction whenever it arises. In fact, the court has an obligation to inquire into jurisdiction. **See Philbrook v. Glodgett,** 421 U.S. 707 (1975).

It is without contest that the federal court to which prosecuted the petitioner was an Article III court, and has limited jurisdiction. Since lack of subject matter jurisdiction of the federal court touching the subject matter of the litigation cannot be waived. **See U.S. v. Griffin,** 303 U.S. 226 (1938).

26

## CONCLUSION

This Honorable Supreme Court review **Lopez** request even though he was being deported back to Mexico and granted him relief. Petitioner Mr. Alfonso preserve this issue in question from day one please See Object to the PSI, Sentencing Transcripts and Appeal Transcripts. All along Petitioner knew that one day Justice would prevail.

I humbly and most respectfully ask this Honorable Court to dismiss the information filed against Petitioner, pursuant to Title 21 U.S.C. ¶ 851(a) for lack of subject matter jurisdiction and resentence Mr. Alfonso to 10 years of imprisonment and 5 years of supervised release.

**WHEREFORE**, the petitioner's Rule 60(b) motion must be granted in light of the interest of justice, or for any other reason the just and proper relief is also warranted.


Respectfully Submitted,

Julio David Alfonso, pro-se,
Reg. No. 66753-004
FCC USP-1
P.O. Box 1033, Unit F
Coleman, Florida  33521-1033


27

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

---

CASE NO. 03-208-78, 00-1162

---

JULIO DAVID ALFONSO,
Petitioner,


V.


UNITED STATES OF AMERICA,
Respondent.

---

Petitioner's Motion to Dismiss the Information filed

under Title 21 U.S.C. §851(a), The Court Lack of

Subject Matter Jurisdiction pursuant to

Rule 60(b)(4) F.R.Civ.P. and Rule

12(b)(2) of F.R.Cr.P.

---

APPENDIX "A"

---

Julio David Alfonso, pro se
Reg. No. 66753-004
FCC USP-1
P.O. Box 1033, Unit F
Coleman, FL  33521-1033

EXHIBIT **"A"**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-1162-CR-MOORE


THE UNITED STATES OF AMERICA,
                    Plaintiff

          VS.

JULIO ALFONSO,
          Defendant


- - -

SENTENCING HELD 8-2-01

BEFORE THE HONORABLE K. MICHAEL MOORE

UNITED STATES DISTRICT JUDGE
- - -

APPEARANCES:

FOR THE GOVERNMENT:

KURT STITCHER, A.U.S.A.
99 N.E. 4th Street
Miami, Florida


FOR THE DEFENDANT:

LOUIS CASUSO, ESQUIRE
111 N.E. First Street
Suite 603
Miami, Florida

REPORTED BY:
PATRICIA SANDERS, RPR

Proceedings recorded by mechanical stenography, transcript
produced by computer aided transcription.

A-01

1          THE COURT:  United States versus Julio David

2     Alfonso.  Counsel note your appearances.

3          MR. STITCHER:  Kurt Stitcher on behalf of the

4     United States.

5          MR. CASUSO:  Louis Casuso on behalf of Julio

6     Alfonso.

7          THE COURT:  The defendant is present.  Would you

8     like to take up any objections to the PSI?

9          MR. CASUSO:  The only objection I have filed with

10    the Court was as to his classification as a career offender

11    based upon his conviction in Nevada on the drug charge.  My

12    objection to that is based on the following:

13          Basically two cases.  The first is United States

14    versus Hernandez.  In which the Eleventh Circuit held that a

15    similar statute as the one in Nevada, which is the Florida

16    trafficking statute, really does not make it as a predicate

17    offense for a career offender.

18          The Nevada statute, I think Your Honor has it,

19    it's a whole slew of things, possession, possession with

20    intent, with intent to sell, delivery, etcetera.

21          The fact that the statute says possession or

22    simple possession in a certain amount does not qualify it as

23    a career offense because under the applicable case law under

24    the Career Offender Statute you have to have a felony type

25    situation.

1       In other words, simple possession in the federal

2   system does not matter, the amount consideration.  Under the

3   federal system it has to be a possession with intent to sell

4   or deliver.

5       The statute is ambiguous under Hernandez when they

6   ruled on the Florida statute and based on also United States

7   versus Gaiton (phonetic) that you cannot go beyond the

8   conviction itself.

9       In other words, you can't get into the facts of

10  the case of conviction.  We don't believe that the

11  conviction in Nevada should count as a predicate for a

12  career offender type situation.

13      If it doesn't then he goes back to the regular

14  guidelines and instead of criminal history six he goes back

15  to I believe a criminal history four.  I believe the base

16  offense level would be 34 rather than what he would be under

17  the career offender statute.  That's my only objection.

18      I looked at what you filed.  I looked at the

19  probation officer's response to the objection as well as the

20  Government's objection.

21      The cases you cite seem to be inapplicable to the

22  facts of the case because in this case what he was charged

23  with and what he plead to and what he was convicted for was

24  not simple possession but sale.  So I don't know -- those

25  cases don't seem to fit.

```
 1            MR. CASUSO:  It's your call.  I am only making the
 2    objection.
 3            THE COURT:  I know you have to do that.  You have
 4    done a good job as always.  I will note the objection and
 5    deny it.  Which I think essentially moots any necessity to
 6    address -- the Government filed a motion for upward
 7    departure.  So I don't think we need to reach that point.
 8            MR. CASUSO:  Aside from that, since you have
 9    categorized him as a career offender he would be serving 360
10    months to life.  I would ask you give him the low end of the
11    guidelines.  Although, I mean, admittedly his record is
12    horrendous.
13            It's probably one of the worst records I have
14    seen.  Every time I come before this Court I have someone
15    that has -- they get worse as time goes along.  Still what I
16    have to say on Mr. Alfonso's behalf is he seems to have been
17    minding his own business, working as an upholsterer after
18    getting out of prison.
19            He was hard working in that business as his
20    employer testified in the trial.  Apparently he was
21    solicited by someone, either his codefendant or what not.
22            Once again in his life I guess he had horrible
23    judgment and got involved in this - basically in this
24    caper.  He was working as an upholsterer.  I would ask you
25    give him the low end of the guidelines if you see fit.
```

A-04

1          THE COURT:  You are not alone in coming before me

2    with individuals with extensive records.  Don't take it

3    personally.

4          MR. CASUSO:  I never do, Judge.

5          THE COURT:  It seems that -- when did the

6    defendant come to the United States?

7          MR. CASUSO:  1980 I believe.  He came from Cuba.

8          THE COURT:  Is it accurate to describe him as one

9    of the persons that came over during the Mariel Boatlift?

10          MR. CASUSO:  He is a person I believe that came

11    during Mariel.

12          THE COURT:  I thought I saw that in the PSI, one

13    of the Government's responses.  I notice it did not take

14    long once he got here to start his criminal history record

15    in the United States.

16          MR. CASUSO:  I think his difficulty with the legal

17    system started in 1982, Judge.

18          THE COURT:  Starting with burglary then larceny,

19    then trespass, then trafficking in heroin, conspiracy to

20    commit robbery, possession of cocaine, another possession,

21    disorderly conduct, false information, possession of an

22    unregistered firearm, assault with a deadly weapon.

23          Possession of cocaine, grand theft, possession of

24    drug paraphernalia.  That is some of the criminal history.

25    Also, for some reason when the probation officer tried to

A-05

1   speak to him it doesn't appear to me he was very cooperative

2   in providing information to the probation officer.  In any

3   event, does he wish to say anything before sentence is

4   imposed?

5          THE DEFENDANT:  My name is Julio Alfonso.  The

6   only thing I wish to say is that among the belongings that

7   were seized the day I was arrested I had my wallet and in my

8   wallet I have pictures of my children and I have the

9   addresses of relatives in Cuba and things that do not have

10  anything to do with this case.  I would like to see if they

11  can return them to me.  That's all I wanted to say.

12         THE COURT:  Pursuant to the Sentencing Reform Act

13  of 1984 it is the judgment of the Court that the defendant

14  Julio David Alfonso is hereby committed to the custody of

15  the Bureau of Prisons to be imprisoned for a term of life.

16  This term shall consist of life as to each -- which counts

17  are eligible for him to be sentenced to life in prison?

18         MR. STITCHER:  That would be counts one and two.

19         THE COURT:  And 240 months as to counts three,

20  four and five, 120 months as to count seven, 60 months as

21  to count six.

22         It is further ordered the defendant shall pay to

23  the United States a fine in the amount of 15,000.  Upon

24  release from imprisonment the defendant shall be placed on

25  supervised release for a term of ten years.

A-06

1    Term shall consist of ten years as to each of

2    counts one and two, three years as to each of the counts

3    three, four, five and seven, five years as to count six.

4    All such terms to run concurrent.

5         While on supervised release the defendant shall

6    not commit any federal, state or local crimes, shall be

7    prohibited from possessing a firearm or other dangerous

8    device and shall not possess a controlled substance.

9         In addition, the defendant shall comply with the

10   standard conditions of supervised release that have been

11   adopted by this Court with the following special conditions:

12        At the completion of the defendant's term of

13   imprisonment the defendant shall be surrendered to the

14   custody of the Immigration and Naturalization Service for

15   removal proceedings consistent with the Immigration and

16   Nationality Act.

17        If removed from the United States the defendant

18   shall not reenter the United States without the express

19   permission of the United States Attorney General's Office.

20        The terms of supervised release shall be non

21   reporting if the defendant resides outside the United

22   States.  If defendant shall reenter the United States within

23   the term of supervision he is to report to the nearest

24   United States Probation Office within 72 hours of his

25   arrival.

8

1          Now that sentence has been imposed does defendant

2    or counsel object to the Court's finding of fact or the

3    manner in which sentence was pronounced?

4          MR. CASUSO:  We would just renew all the

5    objections that we made previously.

6          THE COURT:  Mr. Alfonso, do you understand you

7    have the right to appeal the sentence I have imposed?

8          THE WITNESS:  Yes.

9          THE COURT:    Thank you.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A-08

1                    C E R T I F I C A T E

2          I hereby certify that the foregoing is an accurate

3     transcription of proceedings in the above-entitled matter.

4

5

6     _____        _____
      DATE FILED                  PATRICIA WOODLEY SANDERS, RPR

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PATRICIA W. SANDERS, OFFICIAL COURT REPORTER
(305) 523-5654

A-09

EXHIBIT "B"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## 00- 1162 CR-MOORE
### CASE NO. _____

MAGISTRATE JUDGE
O'SULLIVAN

21 U.S.C. § 846
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(c)(1)
18 U.S.C. § 924(o)
18 U.S.C. § 1951(a)
18 U.S.C. § 2

UNITED STATES OF AMERICA,

v.

JULIO DAVID ALFONSO,
and
MARCOS ENAMORADOS,

_____ /

FILED by ___
00 DEC 29 PM 4:33

# INDICTMENT

The Grand Jury charges that:

## COUNT I

From on or about December 4, 2000, through on or about December 19, 2000, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JULIO DAVID ALFONSO**
**and**
**MARCOS ENAMORADOS,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other to possess with intent to distribute a Schedule II controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).



B-10

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

## COUNT II

On or about December 19, 2000, at Miami-Dade County, in the Southern District of

Florida, and elsewhere, the defendants,

**JULIO DAVID ALFONSO**
**and**
**MARCOS ENAMORADOS,**

did knowingly and intentionally attempt to possess with intent to distribute a Schedule II

controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a

detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii) and

Title 18, United States Code, Section 2.

## COUNT III

From on or about December 4, 2000, through on or about December 19, 2000, at Miami-

Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JULIO DAVID ALFONSO**
**and**
**MARCOS ENAMORADOS,**

did knowingly and unlawfully combine, conspire, confederate, and agree with each other to

obstruct, delay, and affect commerce and the movement of articles and commodities in

commerce, by robbery, as the terms "commerce" and "robbery" are defined in Title 18, United

States Code, Section 1951(b), by unlawfully taking and obtaining property purportedly belonging

to other persons from the person, presence, and custody of said persons, against their will and by

2

means of actual and threatened force, violence, and fear of injury to their persons; in violation of Title 18, United States Code, Sections 1951(a).

## COUNT IV

On or about December 19, 2000, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### JULIO DAVID ALFONSO
### and
### MARCOS ENAMORADOS,

did knowingly and unlawfully attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b), in that the defendants attempted unlawfully to take and obtain property purportedly belonging to other persons from the person, presence, and custody of said persons, against their will and by means of actual and threatened force, violence, and fear of injury to their persons; in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT V

From on or about December 4, 2000, through on or about December 19, 2000, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### JULIO DAVID ALFONSO
### and
### MARCOS ENAMORADOS,

did knowingly and intentionally combine, conspire, confederate, and agree with each other to use and carry firearms during and in relation to a drug trafficking crime, and to possess firearms in furtherance of a drug trafficking crime, which is a felony prosecutable in a court of the United

3

R-12

States, that is, violations of Title 21, United States Code, Section 846, as set forth in Counts I and II of this Indictment.

All in violation of Title 18, United States Code, Section 924(o).

## COUNT VI

On or about December 19, 2000, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### JULIO DAVID ALFONSO
### and
### MARCOS ENAMORADOS,

did knowingly use and carry firearms during and in relation to a drug trafficking crime, and did knowingly possess firearms in furtherance of a drug trafficking crime, which is a felony prosecutable in a court of the United States, that is, violations of Title 21, United States Code, Section 846, as set forth in Counts I and II of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## COUNT VII

On or about December 19, 2000, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### JULIO DAVID ALFONSO,

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1).

4

B-13

## COUNT VIII

On or about December 19, 2000, at Miami-Dade County, in the Southern District of

Florida, and elsewhere, the defendant,

### MARCOS ENAMORADOS,

having been previously convicted of a crime punishable by imprisonment for a term exceeding

one year, did knowingly possess a firearm and ammunition in and affecting commerce, in

violation of Title 18, United States Code, Section 922(g)(1).

A TRUE BILL

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

KURT STITCHER
ASSISTANT UNITED STATES ATTORNEY

5

R-14

EXHIBIT **"C"**



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 00-1162-CR-MOORE/O'SULLIVAN

UNITED STATES OF AMERICA,

     v.

JULIO DAVID ALFONSO and
MARCOS ENAMORADOS
_____ /

## THE UNITED STATES' INFORMATION UNDER 21 U.S.C. § 851(a)

Pursuant to Title 21, United States Code, Sections 841(b)(1)(A) and 851(a), the United States

of America hereby files this Information seeking an enhanced penalty as to the defendant Julio David

Alfonso.  In support of this Information, the United States intends to rely on the following prior

"felony drug offense" conviction of the defendant:

> A May 25, 1990, conviction in the District Court of Clark County,
> Nevada, for Trafficking in a Controlled Substance (Heroin), in
> violation of Nevada Revised Statutes § 453.3385, in The State of
> Nevada v. Julio David Alphonso, Case No. C92829A.

The Defendant is precluded from collaterally attacking the foregoing conviction by operation

of 21 U.S.C. § 851(e).  The United States has attached to this Information a certified copy of the

foregoing "felony drug offense" conviction.

1

C-15

# District Court

## CLARK COUNTY, NEVADA

THE STATE OF NEVADA )
)
                       Plaintiff, )
)
  —vs— )
)
JULIO DAVID ALPHONSO )
ID#0773091 )
)
                  Defendant. )
)
)

CASE NO. ___C92829A___

DEPT. NO. _____VII_____

## JUDGMENT OF CONVICTION (PLEA)

WHEREAS, on the __9th__ day of __April__, 19_90_, the defendant _____

__JULIO DAVID ALPHONSO_____, appeared before the Court herein with h_is_ couns

and entered a plea of guilty to the crime____ of __COUNT II - TRAFFICKING IN

CONTROLLED SUBSTANCE (HEROIN) (F) LESSER INCLUDED OFFENSE.

committed on the __3rd__ day of __October__, 19_89_, in violation of NRS__453.338

WHEREAS, thereafter, on the __10th__ day of __May__, 19_90_, the defendant be

present in Court with h_is_ counsel __MARK ANDERSON, ESQUIRE_____

__R. BEN GRAHAM_____, Deputy District Attorney, also being present;

above entitled Court did adjudge defendant guilty thereof by reason of h_is_ plea of guilty and senten

DA-10

1  defendant to   in addition to the $20.00 Administrative Assessment

2  fee and a $50.00 Drug Analysis fee, Defendant is sentenced t

3  a term of three (3) years in the Nevada State Prison and fin

4  in the sum of fifty thousand ($50,000) dollars. It is furthe

5  ordered Defendant be given one hundred and twenty-two (122)

6  days credit for time served.  Count I Dismissed.

7

8

9

10

11

12

13

14

15

16

17

18

19

20      **THEREFORE**, the Clerk of the above entitled Court is hereby directed to enter this Judgment of Convict

21  as part of the record in the above entitled matter.

22      **DATED** this ___25___ day of _____May_____, 19 90 , in the City of Las Vegas, County

23  Clark, State of Nevada.

24

25                                          _____
                                                  **DISTRICT JUDGE**

26

27

28      DA#90-92829A/jh
        LVMPD DR#89-101916
        TCS - F

DA-10a

C-17

## CERTIFICATE OF SERVICE

I, do hereby certify that a true and correct copy of the afore-mentioned has been sent to the following parties listed below by way of United States Postal Services prepaid for delivery on this _October_ day of _22_ ,in the year of 2007:

Kurt Stitcher, Assistant U.S. Attorney
and
Yvonne Rodriguez-Schack, Assistant U.S. Attorney
301 North Miami Avenue
Miami, Florida  33128-7788

Respectfully Submitted,

Julio David. Alfonso, pro-se,
Reg. No. 66753-004
Federal Correctional Complex-USP-1
P.O. BOX 1033
Coleman, Florida 33521-1033

E N D

C-18